(No. 38909.—

GEORGE F. GEORGEOFF, Appellee, *vs.* THE PEOPLE INTERESTED IN THE PREMISES, BEING STATE OF ILLINOIS, *et al.,* Appellants.

*Opinion filed May 20, 1965.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and EDWARD A. BERMAN, Assistant Attorneys General, of counsel,) for appellants.

GRIFFITH & HOEFERT, of Alton, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This appeal is the result of leave granted by us under the Civil Practice Act (Ill. Rev. Stat., 1963, chap. 110, par. 76) to file a notice of appeal subsequent to expiration of the usual 60-day period. The appeal comes directly to this court because of the presence of a constitutional question.

The property in question is part of a city lot situated at the Alton end of the Lewis and Clark Bridge across the Mississippi River, and is improved with an administration building which was formerly used to facilitate the movement of traffic from Illinois to Missouri. Several years ago this property, together with the bridge itself, was conveyed to the State of Missouri by the bridge company. In 1958 and 1959, subsequent to the conveyance to Missouri, real-estate taxes were levied against this property and not paid. By deed dated December 30, 1959, the State of Missouri quitclaimed the disputed property to the State of Illinois. On January 4, 1960, the Madison County court entered judgment for the delinquent taxes and ordered the property sold. January 7, 1960, the deed from Missouri to Illinois was recorded and January 12, 1960, the realty was sold at the tax sale to George F. Georgeoff for $649.32, and he received a certificate of purchase. Subsequent taxes were paid by Georgeoff, and on September 11, 1961, no redemption having occurred, he filed his petition for tax deed, giving notice thereof to the States of Illinois and Missouri, the governors

thereof, the highway commission of Missouri and the Department of Public Works and Buildings of Illinois.

The petition for tax deed and the motion of the State of Illinois to dismiss were heard and an order of dismissal entered; Georgeoff's motion to vacate this order was subsequently allowed, the earlier ruling reversed and a tax deed ordered to issue. The State's motion to vacate the order for issuance of the deed was subsequently denied. Reversal is now sought of the judgment of the county court of Madison County directing issuance of the tax deed to Georgeoff.

The State urges that the order of the trial court violates the constitutional command that "The state of Illinois shall never be made defendant in any court of law or equity" (const. of Illinois, art. IV, sec. 26); that the county court lacked jurisdiction to order the transfer of state-owned property to the tax purchaser; and that, in any event, the purchaser acquired his certificate subject to the rights of the State of Illinois. Georgeoff contends the transfer of title by Missouri to Illinois was a nullity because accomplished in contravention of the statutes of this State, and therefore the State of Illinois never acquired an interest in the property.

The statutory provisions relied upon by Georgeoff as nullifying the conveyance to Illinois are found in sections 10—101 and 10—102 of the Illinois Highway Code. (Ill. Rev. Stat. 1959, chap. 121, pars. 10—101, 10—102.) Insofar as here pertinent, they may be summarized as authorizing the State to acquire by gift the bridge in question, providing the conveyance to the State shall be by warranty deed, and requiring the Department of Public Works and Buildings to ascertain that there are no mortgages, liens or incumbrances against the real property acquired in connection therewith. Since the unpaid taxes were liens at the time of conveyance, and the transfer was by quitclaim deed, it is contended the conveyance was ineffective.

The taxpayer cites no authority for his contention that the deed to the State of Illinois was a nullity other than

quoting from the statutory provision relating to the form of conveyance and incumbrances upon the title. In our opinion, however, there is no necessity to consider the extent of the interest acquired by the State, although we note Georgeoff apparently deemed its interest as record title holder sufficient to necessitate serving notice of his petition for deed upon the State and its officers pursuant to section 263 and 266 of the Revenue Act of 1939. Ill. Rev. Stat. 1963, chap. 120, par. 744, 747.

The determinative factor is the constitutional proscription contained in section 26 of article IV above quoted. The tax purchaser argues that the State is not actually a party defendant to these proceedings, but was simply the recipient of notice of the petition for tax deed and hearing thereon. Our decisions are to the contrary. In *In re Petition of City of Mt. Vernon,* 147 Ill. 359, a special assessment proceeding, we said (p. 363) : "The statute requires that notice of the assessment shall be sent by mail to the owner of the property, and that notices shall be posted and published. * * * We think, that when the State is thus called into the county court to defend a proceeding against its property, it is made a defendant in the sense contemplated by the constitutional prohibition." In *Posinski* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 376 Ill. 346, an injunction proceeding against a State agency, we stated (p. 351) : "Since the property of the State is involved, the State is directly and adversely affected by the suit and decree, and the decree must be held to be against the State." (See also *Schwing* v. *Miles,* 367 Ill. 436, 444, and *Noorman* v. *Department of Public Works and Buildings,* 366 Ill. 216; *Moline Tool Co.* v. *Department of Revenue,* 410 Ill. 35, 37.) The tax purchaser is here in the anomalous position of arguing that the doctrine of sovereign immunity is not applicable because the deed to the State of Illinois was a nullity, and therefore the State is not a party to this action, but the essence of his argument necessitates a determination of

the State's interest in the property. This cannot be done effectively unless the State is a party to the proceeding, and this is precisely the procedure proscribed by the constitutional doctrine. Where, as here, the State is concededly the record holder of title to property the conveyance of which is sought by a third party, section 26 of article IV and the reasoning of the above cases seems to us directly applicable.

*Schwing* and *Noorman,* while both holding the proceedings there should have been dismissed as to the State, and *Moline Tool Co.,* recognized the existence of a concept permitting innocent persons to prosecute actions involving State officers under circumstances wherein such actions would not be considered as against the State. The theory thereof is that the State is always presumed to act in accordance with the law, and that State agents who perpetrate wrongful acts to the detriment of others are considered to be acting in their individual capacities, and suits against them by the wronged persons will not be considered as suits against the State. But here Georgeoff was injured in no way by the State's acceptance of the quitclaim deed or the existence of the tax liens. At the time the State of Illinois received title to this property, Georgeoff had no interest whatsoever therein. His purchase of the property at the tax sale occurred approximately two weeks subsequent to the date of the deed to the State of Illinois and five days after that deed had been recorded, an act which Georgeoff concedes was constructive notice to him. He is thereby precluded from asserting the status of an innocently wronged individual essential to application of the fictional concept that the action is not one involving the State in its sovereign capacity.

Under our holding here we do not consider the State's argument that the trial court was without authority to transfer title to property of the State, and that the tax sale and tax deed should therefore be set aside as a sale in error and refund ordered under the statutory provisions relating

thereto. We do, however, consider it appropriate for such determination to be made by the trial court.

The judgment of the circuit court of Madison County ordering issuance of a tax deed is hereby reversed, and the cause is remanded with directions to vacate any deed so issued and to determine whether the sale in question should be considered a sale in error under the provisions of section 266 of the Revenue Act. Ill. Rev. Stat., 1963, chap. 120, par. 747.

*Reversed and remanded, with directions.*