(No. 39921.—)

E. H. SWENSON & SON, INC., *et al.,* Appellees, *vs.* FRANCIS S. LORENZ, Director of Public Works and Buildings, *et al.,* Appellants.

*Opinion filed January 19, 1967.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL, JOHN J. O'TOOLE, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellants.

DRACH, TERRELL & DEFFENBAUGH, of Springfield, (GEORGE E. DRACH, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

As this case was submitted to the court upon briefs and oral argument, the only question it presents is whether the action is one against the State of Illinois, and therefore barred by section 26 of article IV of the constitution, which provides: "The state of Illinois shall never be made defendant in any court of law or equity."

The plaintiffs are four highway construction companies who submitted bids for specified construction projects, at a public contract letting on March 14, 1963, and who were awarded contracts based upon those bids on various dates following April 14, 1963. Certain emergency bills, which were pending before the General Assembly on March 14, 1963, were thereafter passed, were approved by the Governor on March 21, 1963, and became effective on that date. These bills exempted suppliers of materials incorporated into public construction contracts from the Retailers Occupation Tax Act and related taxing statutes. S.B. 444, 445, 446, 447, 73rd General Assembly; Ill. Rev. Stat. 1963, chap. 120, pars. 441, 439.102, 439.32, 439.3.

The complaint alleged that the plaintiffs knew of the pendency of these bills when they submitted their bids, and that "no reference to any such taxes were reflected" in the proposals they submitted. Thereafter the defendant Francis S. Lorenz, Director of the Department of Public Works and Buildings, wrote letters of award to each of the plaintiffs which stated: "You are hereby awarded the contract for

this work at your bid price with the understanding that the amount of the taxes heretofore required to be paid under the applicable provisions of the Retailers' Occupation Tax Act, Service Occupation Tax Act, Service Use Tax Act and the Use Tax Act at the time your bid was submitted, which were reflected in your unit bid prices and which are not now required to be paid by you, shall accrue as a credit to the contract and be deducted from the final payment estimate."

The complaint alleged that none of the plaintiffs responded to these letters or otherwise agreed to any deduction or credit on account of taxes, and that the contracts subsequently entered into did not refer to taxes. The contracts were performed and the work approved and accepted, but the defendant, the Director of Public Works and Buildings, deducted from the payments made to the plaintiffs amounts calculated to equal the amount of taxes which would have been due but for the enactment of the emergency legislation on March 21, 1963.

The action was brought by the plaintiffs on their own behalf and on behalf of other construction contractors who submitted the low bids at the public letting held on March 14, 1963, thereafter entered into contracts which did not refer to occupation or use taxes, and thereafter satisfactorily performed their contracts. The original defendant was Francis S. Lorenz, Director of the Department of Public Works and Buildings. On motion of the Attorney General, the Auditor of Public Acounts and the State Treasurer were allowed to intervene. After hearing evidence, the trial court entered a declaratory judgment declaring that the defendant Director had no lawful right to withhold any amounts due under the contracts.

On this direct appeal the defendants do not challenge the correctness of the trial court's ruling on the merits and we are not called upon to pass on that question. Rather they insist that the action was one against the State of Illinois, and therefore should have been dismissed. In *Moline Tool*

*Co.* v. *Department of Revenue*, 410 Ill. 35, 37, we pointed out that "Whether or not a particular action falls within the prohibition of the constitution has not been determined solely by an identification of the formal parties to the record. The determination has rather depended upon the particular issues involved and the relief sought. *Monroe* v. *Collins*, 393 Ill. 553; *Adams* v. *Nudelman*, 375 Ill. 217; *Schwing* v. *Miles*, 367 Ill. 436; *Noorman* v. *Department of Public Works and Buildings*, 366 Ill. 216."

The defendants urge that in making this determination in the present case we must consider where the ultimate burden of the relief sought by the plaintiffs will fall, and that the essential nature of the action is a proceeding to recover money from the State of Illinois. They also point out that the court of claims is given jurisdiction of "All claims against the state founded upon any contract entered into with the State of Illinois." (Ill. Rev. Stat. 1965, chap. 37, par. 439.8B.) We are of the opinion, however, that even though the action arose in the context of State contracts, it was properly regarded by the trial court as founded upon the plaintiff's claim that their transactions with the State did not measure a tax. Liability for the kind of taxes here involved is ordinarily litigated in a proceeding to review the administrative determination of the Department of Revenue, as in the *Moline Tool Co.* case. (See also, *Owens-Illinois Glass Co.* v. *McKibbin*, 385 Ill. 245.) We think that the basic nature of the plaintiffs' claim is not altered by the circumstance that in this case the Department of Public Works and Buildings was able to resort to self help, and retain the amount of taxes from which the plaintiffs claimed exemption.

The judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*