(No. 50390

WALTER F. SASS, Appellee, v. JOHN KRAMER, Secretary of Transportation, Appellant.

*Opinion filed October 6, 1978.*

MORAN, J., dissenting.

William J. Scott, Attorney General, of Springfield (Frank S. Righeimer, Jr., William H. Wake, and Frank R. Martin, Special Assistant Attorneys General, of Chicago, of counsel), for appellant.

Cooper & Cooper, of Geneva (Richard L. Cooper, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Plaintiff, Walter F. Sass, filed an action in the circuit court of Kane County against the defendant, John Kramer, Secretary, Department of Transportation, State of Illinois

(Department), to quiet title to and for a writ of possession of land over which the People of the State of Illinois had acquired an easement for a public highway by virtue of a dedication dated August 10, 1932, and executed by plaintiff's predecessors in title. The State had paid the then owners of the fee title to the property the sum of $6,500 for the easement, and a highway bypass for U.S. Route 20 and Illinois Route 47 was constructed on part of the easement. Later, the Department determined to realign the intersection and the bypass was no longer used. In 1974, plaintiff indicated to the Department that he would like to acquire the State's interest in the unused easement. When the terms of the transfer could not be agreed upon, plaintiff contacted his representative in the General Assembly. A bill was introduced and enacted by the General Assembly (Pub. Act 79—1020), providing for the release of the State's easement upon payment of the fair appraised value of the State's interest. The Department had the property appraised and notified plaintiff, who refused to pay the appraised price. In September 1976 plaintiff filed this action. The circuit court of Kane County held Public Act 79—1020 unconstitutional and entered an order quieting title in plaintiff, extinguished the rights of the People of the State of Illinois in the easement, and issued a writ of possession in favor of plaintiff. The appeal came directly to this court under our Rule 302(a) (58 Ill. 2d R. 302(a)), because of the trial court's holding that the statute (Pub. Act 79—1020) was unconstitutional.

The defendant contends this action is in fact a suit against the State of Illinois and is barred by the statute which proscribes making the State of Illinois a party to an action in any court (Ill. Rev. Stat. 1973, ch. 127, par. 801). Because we agree with the defendant's contention, it is not necessary for us to consider the other issues decided by the trial court.

Section 26 of article IV of the Constitution of 1870

provided:

"The State of Illinois shall never be made defendant in any court of law or equity."

Although decisions of this court such as *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, eliminated or modified the concept of sovereign immunity as to various governmental entities, under the constitutional provision sovereign immunity of the State itself remained intact. In fact, it has been suggested that the doctrine of sovereign immunity was traditional and would have been applicable to the State, in Illinois, even in the absence of section 26. (G. Braden & R. Cohn, The Illinois Constitution: An Annotated and Comparative Analysis 232 (1969).) In the constitutional convention of 1970, the General Government Committee, in explaining its proposal concerning sovereign immunity, pointed out that the removal of section 26 of article IV of the 1870 Constitution without more would create an ambiguity and posed the questions: Would removal of the constitutional limitation affirmatively create a right of action against the State in the courts of Illinois? Would such omission itself constitute a waiver of the State's sovereign immunity? Or would such omission operate only to remove the constitutional limitation on the choices of the forum available to the legislature, leaving intact the State's common law immunity? (6 Record of Proceedings, Sixth Illinois Constitutional Convention 676 (Proceedings)). Thus, the committee proposed that the new constitution specifically abolish sovereign immunity. (6 Proceedings 677.) The committee proposal as modified as to language became section 4 of article XIII of the Constitution of 1970, which provides:

"Except as the General Assembly may provide by law, sovereign immunity in this State is abolished."

The General Assembly thereafter enacted Public Act 77–1776, which became effective January 1, 1972, the

same date as is provided in section 1(e) of the transition schedule of the 1970 Constitution as the effective date of section 4 of article XIII. Public Act 77—1776 provides:

> "Except as provided in 'An Act to create the Court of Claims, to prescribe its powers and duties, and to repeal An Act herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court." (Ill. Rev. Stat. 1973, ch. 127, par. 801.)

Thus, the General Assembly, acting under the authority of the 1970 Constitution, specifically prohibited making the State of Illinois a defendant or party in any court.

We must now consider whether in the present suit the State of Illinois is a defendant or a party in this case within the statutory proscription. Under the previous decisions of this court we conclude that it is.

Although the State is not named a party to this action, this court has held this was not necessary to constitute a violation of section 26 of article IV of the 1870 Constitution. The law applicable to this question as it relates to this case has on numerous occasions been stated and can be found in the following cases: *E.H. Swenson & Son v. Lorenz* (1967), 36 Ill. 2d 382; *Georgeoff v. State* (1965), 32 Ill. 2d 534; *Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35; *Monroe v. Collins* (1946), 393 Ill. 553; *Posinski v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1941), 376 Ill. 346; *Schwing v. Miles* (1937), 367 Ill. 436; *Noorman v. Department of Public Works & Buildings* (1937), 366 Ill. 216; See Comment, 15 De Paul L. Rev. 340, 342-44 (1966). See also G. Braden & R. Cohn, The Illinois Constitution: An Annotated and Comparative Analysis 233 (1969).

In summary, these cases hold that the determination of whether or not the State is a party to a suit is not one of formal identification of the parties as they appear in the record, but instead depends upon the issues involved and

the relief sought. The constitutional inhibition against making the State of Illinois a party to a suit cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested. As noted below, the easement had been dedicated to the People of the State of Illinois. "Since the property of the State is involved, the State is directly and adversely affected by the suit" and the action must be held to be one against the State. *Posinski v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1941), 376 Ill. 346, 351-52.

The dedication of the easement in 1932 by the then owners of the fee title recited that the owners "hereby grant, convey and dedicate to the People of the State of Illinois, for the purpose of a public highway," a tract of land including that in dispute in this case. It is the contention of the plaintiff that the State has abandoned the easement; that title to the property of the plaintiff is no longer subject to the burden of the easement; and that the plaintiff is now entitled to possession of the property. The plaintiff contends that Public Act 79—1020, which was recorded in the office of the Recorder of Deeds, and which requires payment of the appraised value of the easement as a condition of vacating the same, constitutes a cloud on his title. The complaint is in two counts: count I, asking that the cloud on plaintiff's title be removed and that title be quieted in him; and count II, asking that he be put in possession of the property.

In this case it was necessary for the trial court to determine whether, under the facts, there had in fact been an abandonment of the easement by the State. Such an abandonment necessarily involved and affected an interest in property which had been conveyed to and vested in the People of the State of Illinois. Although the suit is nominally against an officer of the State, John Kramer,

Secretary of Transportation, it clearly affects property of the State. The real party in interest in the case is not the individual defendant named but the People of the State of Illinois, title to whose property is at stake in this litigation. Under the authority set out above, such an action cannot be maintained in a court, and the same proscription prevails under the 1970 Constitution and under Public Act 77—1776 (Ill. Rev. Stat. 1973, ch. 127, par. 801).

While legal official acts of State officers are in effect acts of the State itself, illegal acts performed by the officers are not, and when a State officer performs illegally or purports to act under an unconstitutional act or under authority which he does not have, a suit may be maintained against the officer and is not an action against the State of Illinois. (*E.H. Swenson & Son v. Lorenz; Moline Tool Co. v. Department of Revenue;* G. Braden & R. Cohn, The Illinois Constitution: An Annotated and Comparative Analysis 233 (1969).) Plaintiff contends that Public Act 79—1020 is unconstitutional and that defendant's refusal to convey title because the plaintiff would not make the payment required by the Act authorizes the maintenance of this action. The gravamen of plaintiff's complaint is his contention that title to this property is in him by virtue of the fact that the State had abandoned the easement. It was necessary for him to prove, and for the court to find, that the easement had been abandoned or vacated by the State, before the alleged unconstitutional provision of Public Act 79—1020 could constitute a cloud on his title, which he seeks to remove by count I of the complaint, or before he would be entitled to possession, which he seeks under count II. The nature of the relief sought in this complaint does not permit the action to be maintained against an officer of the State under the cases relied upon.

We conclude that the action is, in fact, an action against the State of Illinois and under the provisions of

Public Act 77—1776 (Ill. Rev. Stat. 1973, ch. 127, par. 801), quoted above, the action cannot be maintained in any court except as provided in the Court of Claims Act. We find no provision in that act authorizing the defendant to maintain this action against the State of Illinois in any of the courts provided for under article VI of the Constitution of 1970.

For these reasons the judgment of the circuit court of Kane County is reversed.

*Judgment reversed.*

MR. JUSTICE MORAN, dissenting:

The majority holds that whenever the State of Illinois abandons an easement which has been used for highway purposes, the underlying fee simple titleholder is without a remedy to quiet title. It is no answer to argue that such person has an adequate remedy in the Illinois Court of Claims, for that entity does not have equitable jurisdiction.

Nonuse, by itself, does not constitute abandonment of an easement by grant. (*Beloit Foundry Co. v. Ryan* (1963), 28 Ill. 2d 379, 390.) There must be a relinquishment of the property accompanied by an intent to abandon—the intent being the important factor in determining abandonment. Whether these two elements have been proved are questions to be resolved by the trier of fact. Once an abandonment has occurred, by operation of law, the fee simple titleholder is automatically reinvested with complete ownership of the property, which is then unencumbered by the easement. *Chicago & Eastern Illinois R.R. Co. v. Clapp* (1903), 201 Ill. 418, 424-26.

The opinion views plaintiff's claim as one in which the State of Illinois is "vitally interested," one which "clearly affects property of the State" and one in which the State is, therefore, the real party in interest. (72 Ill. 2d at 491-92.) I cannot accept this premise in light of the evidence that established the State's abandonment of the

easement before plaintiff instituted the instant suit.

One of defendant's exhibits, introduced by agreement, specifically stated, "Dedicated Right of Way *** No longer needed for highway purposes *** 1.307 acres." The evidence further revealed that the State removed the pavement from both ends of the bypass, thereby preventing any vehicular use of the easement. Also before the trial court was Public Act 79—1020, section 1 of which declared, "the right of way easement for highway purposes *** is vacated, extinguished, abandoned and released ***." Included in the Act was the requirement that plaintiff pay a certain sum of money for release of any State interest.

Defendant's right-of-way engineer related the Department's attitude. He testified that, although the State's easement was not in use, it continued in effect, for it was possible that the easement could be used at some future date. He was asked if it was the Department's position that, until the appraised value was paid, the easement would remain the State's highway, and he responded, "That is correct."

The Department's positions are thus inconsistent. It admits nonuse of the easement, but speculates on a possible future need, then states that that possible need can be eliminated upon plaintiff's payment of a certain sum of money. The Department cannot have it both ways.

In my opinion, the trial court correctly found that the State did abandon the easement, that any interest the State had in the easement ceased upon abandonment, and that, by operation of law, the plaintiff then became fully seized of the fee simple title, unencumbered by the easement.

" 'Whether or not a particular action falls within the prohibition of the constitution has not been determined solely by an identification of the formal parties to the record. The determination

has rather depended upon the particular issues involved and the relief sought. [Citations.]' " *E.H. Swenson & Son, Inc. v. Lorenz* (1967), 36 Ill. 2d 382, 385.

Inasmuch as the State divested itself of any right or interest in and to the easement at the time of abandonment, and since plaintiff's right, by operation of law, at that time accrued, it cannot be said that plaintiff now seeks to assert any right against the State. The relief plaintiff seeks is to have the court recognize that such right did in fact exist at the time he filed his suit to quiet title. Therefore, under this view, suit against John Kramer, Secretary, Department of Transportation, should not be considered an action against the State of Illinois. See *Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 37.