**140**

TOLEDO, PEORIA & WESTERN
RAILROAD COMPANY, a
corporation, Plaintiff,

v.

STATE OF ILLINOIS DEPARTMENT OF
TRANSPORTATION, John D. Kramer,
J. E. Harland and Allen Austin, Defendants.

No. 81–1067.

United States District Court,
C. D. Illinois.

Sept. 16, 1982.

Julian E. Cannell, Peoria, Ill., for plaintiff.

Frank M. Wanless, Sp. Asst. Atty. Gen., State of Ill., Morton, Ill., for defendants.

ROBERT D. MORGAN, District Judge.

### DECISION AND ORDER

This complaint, under 42 U.S.C. § 1983, names as defendants the Illinois Department of Transportation (IDOT) and three of its officials. The complaint alleges that plaintiff, in consideration of $6,000, executed and delivered to the State in 1956 a "Dedication of Right of Way for Road Purposes" in a certain parcel of described real estate; that the tract of land is not used for road purposes, but that the same has been leased by IDOT to an adjoining property owner for use as a motel parking lot, and that plaintiff demanded possession of the premises, but that the IDOT officials have refused unless plaintiff will pay to IDOT the sum of $206,000, the now-appraised value of the fee interest. The complaint prays a mandatory injunction against the defendants, requiring them to release any and all claim of interest in the real estate.[1]

The theory of complaint is that plaintiff is denied due process of law in the premises by the individual defendants, as officers of IDOT acting under color of state law. The defendants claim that the State of Illinois acquired a fee interest in the land under the dedication instrument. They have now moved for summary judgment in their favor.

There were two prior motions by defendants to dismiss the complaint, both of which were denied. The denial order now of interest was entered September 4, 1981. That motion was based upon the contention that the suit is a suit against the State itself, which would be barred by the Eleventh Amendment to the federal Constitution. Defendants renew that position in reliance upon *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). *Parratt* has been fully considered and it is not deemed to be apposite to this cause or

in any manner inconsistent with this court's prior resolution of the Eleventh Amendment question.

The question whether any genuine issue as to any material fact is present which would preclude summary judgment, must be approached from the proper construction of the instrument of conveyance. Absent any ambiguity on the face of the instrument, its construction is solely a question of law to be determined from the face of the instrument itself. The defendants' position that the fee was conveyed is wholly inconsistent with the face of the instrument. The operative language is that plaintiff did "grant, convey and dedicate" the real estate "for the purpose of a public highway." The warranty clause warrants that the instrument does convey "the highway easement purported to be conveyed herein." The time for delivery of possession was not precisely fixed by the instrument. What it did provide was that plaintiff, within fifteen days after written notice from IDOT of IDOT's intent to take possession, would "completely vacate the premises" to permit IDOT to take possession. It must be concluded that the instrument conveyed only an easement for highway purposes.

Defendants' references to Ill.Rev. Stat.1979, ch. 121, § 4–508, and Ill.Rev.Stat. 1979, ch. 30, § 12, do not support its position. Section 4–508 is the section of the eminent domain statute which defines procedures for the disposition of unneeded lands taken by eminent domain. Section 12 is a part of the general conveyances statute which provides, in essence, that the conveyance of the fee is presumed, absent conditions of limitations in a title document which define some lesser interest. Defendants argue that the verbs "grant" and "convey" effectively conveyed the fee within the intendment of the conveyances statute. The argument conveniently overlooks the verb "dedicate" which is an essential part of the granting clause. To "dedicate" is "To

---

1. On September 4, 1981, the complaint was dismissed by stipulation, to the extent that it prayed the award of money damages.

appropriate and set apart one's private property to some public use * * *." Black's Law Dictionary, Revised Fourth Edition. A dedication is an appropriation of land by its owner for any public use, which reserves to the owner all legal rights in the land which shall be compatible with the full exercise and enjoyment of the public use for which the property was dedicated. *Alden Coal Co. v. Challis*, 200 Ill. 222, 232, 65 N.E. 665 (1902); *DuPont v. Miller*, 310 Ill. 140, 146, 141 N.E. 423 (1923).

Upon the dedication of an easement for highway purposes, the fee interest in the land remains vested in the grantor subject to the burden of the easement. Although the easement is perpetual and not affected by simple non-user, the easement is extinguished upon the abandonment thereof by the state. *E.g., Clokey v. Wabash Ry. Co.*, 353 Ill. 349, 360–361, 370, 187 N.E. 475 (1933); *Chicago & E. I. R.R. Co. v. Clapp*, 201 Ill. 418, 424, 66 N.E. 223 (1903); *Schnabel v. County of DuPage*, 101 Ill. App.3d 553, 57 Ill.Dec. 121, 428 N.E.2d 671, 675–676 (2d Dist. 1981); *Department of Transp. v. Thomas*, 59 Ill.App.3d 684, 16 Ill.Dec. 727, 375 N.E.2d 834, 837 (5th Dist. 1978). The property right granted by the easement revests, by operation of law, in the fee owner upon the act of abandonment. *E.g.*, Ill.Rev.Stat.1979, ch. 121, § 9–127; *Clokey v. Wabash Ry. Co., supra; Schnabel v. County of DuPage, supra.*

Therefore, this cause presents the genuine issue of material fact as to whether or not there was an abandonment, an issue which cannot be decided on a motion for summary judgment.

Defendants finally contend that this is, in reality, a suit against the State of Illinois which is barred by the Illinois Court of Claims statute. Ill.Rev.Stat.1979, ch. 37, § 439.1 *et seq.* It cites *Sass v. Kramer*, 72 Ill.2d 485, 21 Ill.Dec. 528, 381 N.E.2d 975 (1978), in support of its position.

The Illinois courts have said clearly that the question whether a suit against a state official is in fact a suit against the State must be determined with reference to the particular issues presented by the complaint and the ruling which is sought. *E. H. Swenson & Son, Inc. v. Lorenz*, 36 Ill.2d 382, 384, 385, 223 N.E.2d 147 (1967); *Moline Tool Co. v. Department of Revenue*, 410 Ill. 35, 37, 101 N.E.2d 71 (1951).

The one issue which remains for decision under this complaint is the factual issue whether or not the easement granted to the State has been heretofore abandoned. Thus the complaint alleges that the easement for highway purposes was granted to the State; that the land is not used for highway purposes; that IDOT has leased the land to a private owner for use as a parking lot; that officials of IDOT have attempted to construe the dedication instrument as a conveyance of the fee in the land, and that they have refused to return the land to plaintiff's possession unless plaintiff will pay the current appraised value of the fee interest. The sole remaining prayer for relief is that a mandatory injunction issue requiring the named defendants to release the allegedly illegal claim of a subsisting interest which they have asserted in the land.

Applicable Illinois law must also be considered as a part of the complaint. A virtually unbroken line of decisions has consistently held that the easement granted by a dedication is extinguished whenever the easement has been abandoned and the property right granted by the easement revests in the owner of the fee at the time of abandonment by operation of law. *E.g., Clokey v. Wabash Ry. Co., supra; Schnabel v. County of DuPage, supra.*

This complaint rests upon the premises that the interest which the State obtained under the 1956 dedication terminated at the time when, as it is alleged, the easement was abandoned by IDOT, and that any claim of a property right which the defendants now assert is an attempt on their part to deprive plaintiff of its property without any legal basis for such claim. Consistently with the decisions hereinabove cited, it must be concluded that neither the allegations of the complaint nor the prayer

of the complaint seek to touch or affect any subsisting property right of the State of Illinois.

Yet, defendants insist that the *Sass* decision is controlling, and that it compels a conclusion that this is a suit against the State. That argument must be rejected.

It is difficult to determine, from reading the majority opinion in *Sass*, precisely what the basis for the court's decision was. *Sass* arose on a complaint to quiet title to land, based upon the premise that a previously dedicated highway easement had been abandoned. What is certain from reading *Sass* is that the court proceeded on the assumption that the easement was not abandoned and that therefore the suit did affect property of the State of Illinois.[2] The court treated the cause as a suit to vacate the easement, and thus a suit against the State itself. 381 N.E.2d at 977. Any other interpretation of *Sass* would have to assume, without justification, that the court, by its silence, overruled the whole line of prior Illinois decisions, which is exemplified by *Clokey* and *Schnabel*, and voided the provisions of Ill.Rev.Stat. 1979, ch. 121, § 9–127, which related to the abandonment or vacation of highways which were dedicated on a statutory plat.

This complaint does not contest the fact that the State did obtain an easement in the land. If the allegations as to abandonment are proved, the State's interest was terminated by operation of law when the easement was abandoned. What the complaint does contest is the act of these defendants, acting under color of state law, which not only refused to recognize that legal result but also attempted to claim, on behalf of the State, the fee interest which the State at no time possessed.

Serious federal constitutional questions must arise if *Sass* be interpreted as holding that a complaint which requires a factual determination as to the issue of abandonment must be held to be a suit against the State itself. Equally critical questions must arise if *Sass* be interpreted to require that resolution of that factual issue must begin with an assumption that the easement remains in force. That assumption, within the context of this complaint, would not only deprive the plaintiff of the benefit of Illinois law related to such easements, but it would also effectively deprive plaintiff of any effective legal remedy.

Accordingly, IT IS ORDERED that the motion for summary judgment is DENIED.[3]

---

**2.** The complete factual background of *Sass* cannot be determined from the opinion. What does appear is that the plaintiff had dedicated land for use in the construction of a highway interchange. At a later date, the interchange was redesigned and reconstructed and paving upon a part of the tract dedicated by plaintiff was removed by IDOT. The plaintiff, not satisfied with negotiations with IDOT officials, sought and obtained the passage of a private bill by the Illinois Legislature. That bill directed IDOT to release the easement upon the payment by plaintiff of the then-appraised value of the easement. The plaintiff elected to file a suit to quiet title, rather than make the payment required by the private legislation. Upon a trial, the court held the private legislation to be unconstitutional and held that the easement had been abandoned. The Supreme Court reversed.

One must wonder whether a majority of the Justices were influenced by the legislative determination that there was a subsisting easement vested in the State. In any event, the majority treated the complaint as a suit to vacate a subsisting easement.

**3.** A pending motion by plaintiff to strike substantial parts of an affidavit of John E. Harland, which is attached in support of the motion for summary judgment, is rendered moot by the decision herein. However, it may be noted that the affidavit of Harland, who is Chief Engineer for District 4 of IDOT, is largely conclusory and, therefore, objectionable.