JAMES ROBB, Plaintiff-Appellant, v. JOHN R. SUTTON, Defendant-Appellee.

Fourth District   No. 4—86—0055

Opinion filed September 15, 1986.

Greaves, Lerner & Kirchner, of Champaign, for appellant.

Denise E. Gale and Shari R. Rhode, both of Southern Illinois University, of Carbondale, for appellee.

JUSTICE MORTHLAND delivered the opinion of the court:

Plaintiff appeals the dismissal of his two-count complaint by the circuit court of Champaign County for lack of subject matter jurisdiction.

We affirm.

Count I of the plaintiff's complaint, filed on September 23, 1985, alleged negligent misrepresentation by the defendant; count II purports to sound in fraud. The complaint alleged that during 1981 the plaintiff was employed by the Board of Trustees (Board) of Southern Illinois University (SIU) as a program coordinator and associate professor in Jacksonville, North Carolina. Defendant, at that time, was also employed by the Board as an assistant dean in the office of off-campus activities at SIU.

Essentially, the complaint averred that the plaintiff became aware of a possible need for a program coordinator at the Chanute Air Force Base in Rantoul, Illinois, due to an expansion of the programs there. Plaintiff alleged that he expressed an interest in that position, and contacted the defendant to ascertain whether those programs were on the agenda of the Illinois Board of Higher Education for approval. According to the complaint, the defendant "negligently" (count I) and/or "recklessly" (count II) represented that these programs had already been submitted for approval, when in fact they were not. The plaintiff claimed he was then offered the position.

Plaintiff stated that, in reliance on the defendant's statements, he accepted that position, relocated in Champaign, and transferred to Chanute in November of 1981. Plaintiff charged, however, that the programs were in actuality never submitted for approval, that the defendant knew or should have known this, and that the defendant ei-

ther "negligently" or "recklessly" failed to correct the false representations of fact made. Plaintiff asserted in his complaint that he would not have accepted the position had he known the programs were not on the agenda for approval, and the defendant was aware of this fact. The position at Chanute was subsequently terminated. Plaintiff therefore sought money damages from the defendant only for loss of income, benefits, employment, and for a loss on the sale of his North Carolina home.

The defendant in response filed a motion to dismiss the action, contending that he was at all times relevant to the complaint employed by the Board of SIU, an arm of the State of Illinois, and was acting within his official duties there. Defendant asserted that the instant tort action was only nominally against him, and was in reality a suit against the State, as the State would be subject to liability. Thus, defendant concluded that exclusive jurisdiction over the matter rested in the Illinois Court of Claims by virtue of section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.8(d)).

On January 9, 1986, the circuit court entered an order granting the defendant's motion and dismissing the action for lack of subject matter jurisdiction.

On appeal, the plaintiff maintains that his complaint seeks damages only against the defendant in his individual capacity for the negligent or "reckless" misrepresentations made by him. Plaintiff stresses that he has made no claim against either the Board or the University, and thus his suit is not one against the State. Accordingly, he believes the circuit court erred in finding it lacked subject matter jurisdiction.

As a perfunctory matter, we note that article XIII, section 4, of the 1970 Illinois Constitution abolished sovereign immunity in Illinois except as the General Assembly may provide by law. (Ill. Const. 1970, art. XIII, sec. 4.) Under this authority, Public Act 77–1776 (Ill. Rev. Stat. 1983, ch. 127, par. 801) was enacted by the legislature to provide that the State may not be made a defendant or a party in any court except as set forth in the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.1 *et seq.*). The latter statute grants exclusive jurisdiction to the Court of Claims for all tort claims brought against the Board of Trustees of Southern Illinois University. (Ill. Rev. Stat. 1983, ch. 37, par. 439.8(d).) Thus, should this action be deemed one against the Board, only the Court of Claims may entertain it.

■ Again, only the defendant in his individual capacity is named in this action. However, we are not bound by this fact alone. It is well settled that the determination of whether or not an action is a suit

against the State is dependent upon an analysis of two factors—the issues involved and the relief sought—rather than on the mere formal identification of the parties. (*Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 408, 475 N.E.2d 863, 864; *Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 186, 470 N.E.2d 1029, 1038; *Hudgens v. Dean* (1979), 75 Ill. 2d 353, 355, 388 N.E.2d 1242.) As such, if a judgment for the plaintiff could operate to control the actions of the State or subject it to liability, it will then be deemed an action against the State, even though the State is not a named party. (*Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 470 N.E.2d 1029; *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 264, 470 N.E.2d 615, 618.) Our supreme court has stated:

"The constitutional inhibition against making the State of Illinois a party to a suit cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested." *Sass v. Kramer* (1978), 72 Ill. 2d 485, 491, 381 N.E.2d 975, 977.

■ Legal official acts of State agents, performed within the bounds of their official authority or duties, are normally considered acts of the State itself. (*Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 470 N.E.2d 1029; *Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975.) On the other hand, where a State officer acts illegally, or purports to act in excess of his delegated authority, a suit may be maintained against the officer individually, and is not an action against the State. (*Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975; *E. H. Swenson & Son, Inc. v. Lorenz* (1967), 36 Ill. 2d 382, 223 N.E.2d 147; *Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 101 N.E.2d 71.) Where State officials act outside the scope of their authority, they clearly may not claim the benefit of immunity for such actions.

■ Further, a present-future distinction in claims against the State has also been recognized by our courts. If a suit seeks to enjoin a State officer from future action in excess of his delegated authority, the immunity prohibition does not pertain. (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 548, 370 N.E.2d 223, 227.) If an action instead seeks compensation for past harm and monetary damages as a present claim for relief, that claim has the potential to control the action of the State or subject it to liability, and must be brought in the Court of Claims. *Ellis v. Board of Governors of State Colleges & Universities* (1984), 102 Ill. 2d 387, 466 N.E.2d 202; see also *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 481 N.E.2d

1004.

We see before us now a present claim for damages based upon past actions and harm. The complaint contains no allegations that the defendant was at all acting outside his authority or in contravention of his official duties. In point of fact, the actions which plaintiff claims form the basis of his complaint arise out of the defendant's status as assistant dean of the office of off-campus activities. Plaintiff's allegations at least imply that the defendant, in making the complained-of representations, was acting in an official capacity pursuant to his delegated duties.

We believe that any duty the defendant owed the plaintiff to make truthful or correct representations arose strictly out of his official duties. Plaintiff's allegations do not question the propriety of the defendant's actions except as they relate to the performance of his job as assistant dean. Plaintiff does not assert that the defendant acted beyond what he was authorized to do in communicating with the plaintiff concerning the programs at Chanute, the position there, and in offering that position to the plaintiff. Neither the pleadings nor the record even suggest a course of conduct entered into by the defendant beyond the scope of his duties as an agent of the State. Thus, his actions were in effect those of the Board, and therefore the State. The State would be made to answer for them. Under similar circumstances, courts have before held that such an action is in reality one maintained against the State. See *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 470 N.E.2d 615; *People ex rel. Maciuba v. Cheston* (1974), 25 Ill. App. 3d 224, 323 N.E.2d 40.

Plaintiff claims on appeal that count II of his complaint sounds in fraud. Certainly, allegations of fraud or intentional misrepresentation would raise actions of such a deliberate and malicious nature that the complaint would seek to enforce a judgment against the defendant alone; the State would not be made to answer for this sort of intentional misconduct by its employee. (See *Hoffman v. Yack* (1978), 57 Ill. App. 3d 744, 373 N.E.2d 486.) Our review of count II, however, reveals it contains the same factual allegations made in count I, but merely inserts the word "recklessly" where the word "negligently" appeared in the first count. Recklessness connotes wilful and wanton conduct. The term applies to conduct that is still negligent, although to a higher degree of carelessness, rather than involving an actual intent to do harm. Intentional misrepresentation or fraud, on the other hand, is characterized by an intent to deceive, or *scienter*, on the part of the actor. Thus, we find that the mere addition of the term "recklessly" in count II is insufficient to transform

the pleaded facts into a cause of action for fraud.

Continuing, plaintiff cites several cases which, we conclude, are unavailing to his position. In these cases, courts have held that claims could be maintained against State employees or officials where their duties to others arose independent of their status as agents of the State. In both *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131, and *Watson v. St. Annes Hospital* (1979), 68 Ill. App. 3d 1048, 386 N.E.2d 885, suits were brought against doctors employed at State hospitals. There, however, the duties alleged to be breached were those which every physician owes his patient, as opposed to those obligations incurred by holding a State position. Recovery was sought against the personal assets or malpractice insurance coverage of the defendants, the State was not the real party in interest, and the State's actions were not subject to control for the alleged negligence. Similarly, in *Gocheff v. State Community College* (1979), 69 Ill. App. 3d 178, 386 N.E.2d 1141, the obligations of the defendant State employee for injuries incurred in an auto accident arose out of the duties each driver owes others operating a motor vehicle on the public highways, and not by virtue of his employment with the State. See also *Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 475 N.E.2d 1035.

Plaintiff's heavy reliance on two other decisions is similarly misplaced. In *Hoffman v. Yack* (1978), 57 Ill. App. 3d 744, 373 N.E.2d 486, the plaintiff alleged that the defendant, his supervisor in a department at SIU, engaged in a course of deliberate and malicious conduct while acting *outside* the scope of his employment or duties. The court in *Hoffman* reversed the order dismissing the plaintiff's action, observing that the complained-of actions—which included false accusations concerning the plaintiff's professional competency, integrity, racist views, and sexually aberrational behavior, as well as interference with student evaluations of him and interception of his mail—constituted wrongful conduct not within the scope of his duties as a supervisor. Thus, the court found that a judgment against him would neither affect the actions of the State nor subject it to liability. The *Hoffman* court went on to conclude:

> "When an employee of the State exceeds his authority by wrongful acts, he ceases to be a representative of the State, and the injured party may seek relief from the wrongdoer personally, as long as the action does not control the operations of the State or subject to it liability." 57 Ill. App. 3d 744, 748, 373 N.E.2d 486, 490.

Inasmuch as we have already determined the complaint before us

contains no such allegations of severe conduct beyond the normal duties of the defendant, we believe *Hoffman* is inapplicable to the instant matter.

Next, in *Ritchey v. Maksin* (1977), 49 Ill. App. 3d 974, 365 N.E.2d 127, *rev'd on other grounds* (1978), 71 Ill. 2d 470, 376 N.E.2d 991, plaintiff's complaint alleged that the defendant, an inspector with the Department of Agriculture, negligently and/or wilfully and wantonly initiated criminal charges against the plaintiff in excess of his duties. In addition, the plaintiff claimed the defendant publicly accused him of being both an adulterer and a mishandler of feed products. The court there reversed dismissal of that complaint by the circuit court, holding the cause of action did not control the operations of the State or subject it to liability, and hence was not against the State. Without commenting on whether we accept the totality of reasoning employed by the *Ritchey* court, we note that the defendant there was accused of a course of conduct beyond his normal duties as inspector. Again, there are no such allegations in the complaint before us now.

To summarize, we believe that where, as here, there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State, then the cause of action is only nominally against the employee. As such, the claim involves actions which may be attributed to the State.

For the foregoing reasons, we affirm the order of the circuit court of Champaign County dismissing the plaintiff's complaint for lack of subject matter jurisdiction.

Affirmed.

GREEN and SPITZ, JJ., concur.