# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Wilson v. Quinn*, 2013 IL App (5th) 120337

---

| | |
|---|---|
| Appellate Court Caption | GEORGE WILSON, Sheriff of Franklin County, Illinois, and MICHAEL HUFF, Sheriff of Rock Island County, Illinois, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs-Appellants, v. PATRICK QUINN, Governor of the State of Illinois, Defendant-Appellee. |
| District & No. | Fifth District<br>Docket No. 5-12-0337 |
| Filed | November 7, 2013 |
| Rehearing denied | January 13, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action by county sheriffs seeking a judgment declaring that the Governor of the State of Illinois violated the law and the Illinois Constitution by failing to pay the mandated annual stipend for sheriffs, the dismissal of the suit on the ground that it was barred by sovereign immunity was reversed and the cause was remanded to allow plaintiffs to amend their pleadings to include other relief, including a request for a writ of *mandamus,* since plaintiffs' complaint was sufficient to establish jurisdiction under the "officer suit" exception to the doctrine of sovereign immunity and to support the issuance of a writ of *mandamus,* especially when plaintiffs sought a declaration that the Governor failed to do what the law required and did not seek to impose liability in contract or tort on the State of Illinois. |
| Decision Under Review | Appeal from the Circuit Court of Franklin County, No. 10-MR-55; the Hon. Thomas J. Dinn III, Judge, presiding. |
| Judgment | Reversed; cause remanded with instructions. |

| Counsel on Appeal | Thomas F. McGuire and Jolanta A. Zinevich, both of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellants. |
| | |
| | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and John P. Schmidt, Assistant Attorney General, of counsel), for appellee. |

| Panel | JUSTICE CATES delivered the judgment of the court, with opinion. |
| | Justices Goldenhersh and Chapman concurred in the judgment and opinion. |

## OPINION

¶ 1    The plaintiffs, George Wilson, sheriff of Franklin County, Illinois, and Michael Huff, sheriff of Rock Island, Illinois, filed an action in the circuit court of Franklin County against the defendant, Patrick Quinn, Governor of the State of Illinois, seeking a judgment declaring that the failure of the Governor to authorize full payment of a statutorily mandated annual stipend in 2010 was contrary to the law and the constitution of Illinois. The trial court dismissed the action, finding that it was barred under the State Lawsuit Immunity Act (745 ILCS 5/1 (West 2010)). On appeal, the plaintiffs assert that the trial court erred in finding that the action was barred by sovereign immunity because their claim was brought against the Governor, not the State of Illinois, and because the suit was brought to obtain declaratory relief, and not to enforce a present claim to remedy a past wrong committed by the State. We reverse and remand for further proceedings.

¶ 2    Plaintiff George Wilson served as the sheriff of Franklin County for a four-year term that ran from December 1, 2006, through November 30, 2010. Plaintiff Michael Huff served as the sheriff of Rock Island County during the same period. The plaintiffs' annual compensation package included a statutorily mandated "stipend." At that time, section 4-6003(d) of the Counties Code (55 ILCS 5/4-6003(d) (West 2010)) provided that "each sheriff, for his or her additional duties imposed by other statutes or laws, shall receive an annual stipend to be paid by the State in the amount of $6,500." In 2010, each plaintiff received a stipend of $4,196, rather than $6,500, as set forth in the statute.

¶ 3    On November 30, 2010, the final day of each plaintiff's four-year term of office, the plaintiffs filed a declaratory judgment action against the Governor in the circuit court of Franklin County. The plaintiffs alleged that pursuant to section 4-6003(d) of the Counties Code, they were entitled to receive an annual stipend in the amount of $6,500 from the State of Illinois in 2010; that article VII, section 9(b), of the Illinois Constitution (Ill. Const. 1970, art. VII, § 9(b)) prohibited a decrease or an increase in the salary of an elected officer during

a term of office to which the officer was elected; that the General Assembly appropriated funds to pay the $6,500 stipend; that the Governor failed to authorize payment of the full amount of the stipend; and that they were paid a stipend of $4,196, rather than the statutorily mandated amount of $6,500. The plaintiffs sought a judgment declaring that the failure of the Governor to authorize full payment of the statutorily mandated $6,500 stipend in 2010 was contrary to section 4-6003(d) of the Counties Code and article VII, section 9, of the Illinois Constitution, and that they were entitled to the full amount of the 2010 stipend. The plaintiffs also sought their costs and "such other and further relief as may be fair and equitable."

¶ 4 On March 17, 2011, the plaintiffs filed a motion for leave to amend their complaint to add an additional count and to name Russell Adams as an additional plaintiff. Therein, the plaintiffs alleged that Russell Adams had served as sheriff of Lawrence County for a four-year term from December 1, 2006, through November 30, 2010, and that Adams was reelected to a four-year term from December 1, 2010, through November 30, 2014. The plaintiffs further alleged that despite the legislative appropriation of funds to pay the full $6,500 stipend for 2010, the Governor failed to authorize payment of the full stipend for 2010, and that based upon the Governor's public comments, he would not authorize full payment of the stipend for 2011. The plaintiffs sought declarations that the Governor's failure to authorize full payment of the stipend was contrary to section 4-6003(d) of the Counties Code and article VII, section 9, of the Illinois Constitution, and that Adams was entitled to the full amount of the stipend for 2010 and 2011. The plaintiffs did not provide a copy of their proposed amended complaint with the motion to amend.

¶ 5 In the motion to amend, the plaintiffs noted that the Governor had yet to appear or file a responsive pleading. The plaintiffs further noted that the original summons had been misplaced by the Sangamon County sheriff's office, that an alias summons was issued on February 7, 2011, and that the Governor was served with the alias summons on March 1, 2011.

¶ 6 On March 28, 2011, the Governor filed a motion for an extension of time to file a responsive pleading. The motion was granted without an objection. On April 15, 2011, the Governor filed a combined motion to dismiss the complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2010)). The Governor moved for dismissal, pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2010)), on the ground that the action was barred under the State Lawsuit Immunity Act (745 ILCS 5/1 (West 2010)). The Governor argued that the plaintiffs were seeking a determination of liability for the State's past conduct, rather than prospective relief to prevent future illegal action, and that the Court of Claims had exclusive jurisdiction over such claims. The Governor moved for dismissal, pursuant to section 2-615 (735 ILCS 5/2-615 (West 2010)), on the ground that the plaintiffs failed to state a proper claim for declaratory relief in that they sought to determine the State's liability for past conduct, rather than to settle a present controversy before it ripened into litigation.

¶ 7 On June 8, 2011, the plaintiffs filed a memorandum in opposition to the Governor's motion to dismiss. They also filed a motion for class certification and a motion to amend the complaint. The plaintiffs included their proposed amended class action complaint with the

motion to amend. The proposed class was defined as all persons who were elected to the office of sheriff in any Illinois county, other than Cook County, for the four-year term commencing December 1, 2006, and ending November 30, 2010, and all persons who were elected to the office of sheriff in any Illinois county, other than Cook County, for the four-year term commencing December 1, 2010, and ending November 30, 2014.

¶ 8    On July 8, 2011, the Governor filed a motion asking the court to rule on his motion to dismiss the original complaint before considering the plaintiffs' pending motions. The Governor also filed memoranda in opposition to class certification and to the plaintiffs' motion to amend the complaint.

¶ 9    On July 11, 2011, the trial court heard arguments on the Governor's motion to dismiss. The court then granted the parties an opportunity to submit supplemental briefs on that matter. On April 20, 2012, the trial court entered an order granting the Governor's section 2-619 motion to dismiss. The court found that the action was barred in the circuit court under the doctrine of sovereign immunity and that the Court of Claims was the appropriate jurisdiction for the action. The court then entered orders denying each of the plaintiffs' pending motions, including the motion to amend the complaint, the motion for class certification, and the motion to substitute a party. Subsequently, the plaintiffs filed a motion to reconsider. It too was denied. This appeal followed.

¶ 10    On appeal, the plaintiffs claim that the trial court erred in granting the Governor's section 2-619 motion to dismiss. The plaintiffs contend that jurisdiction is proper in the circuit court under the "officer suit" exception to the doctrine of sovereign immunity. The Governor claims that the plaintiffs' action was properly dismissed because the suit was brought to enforce a present claim and because a judgment in the plaintiffs' favor could subject the State to liability.

¶ 11    A motion to dismiss a complaint pursuant to section 2-619 admits the legal sufficiency of the complaint, but asserts that affirmative matters outside the complaint defeat the claim. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367, 799 N.E.2d 273, 278 (2003). In considering a section 2-619 motion, a court will accept all well-pleaded facts in the complaint as true and will grant the motion only if it appears that no set of facts can be proved that would entitle the plaintiff to recover. *Welch v. Illinois Supreme Court*, 322 Ill. App. 3d 345, 350, 751 N.E.2d 1187, 1192 (2001). A court's decision to grant a section 2-619 motion is reviewed *de novo*. *Welch*, 322 Ill. App. 3d at 350, 751 N.E.2d at 1192.

¶ 12    Sovereign immunity, as it existed at common law, barred lawsuits against the government unless the government consented to be sued. *Jackson v. Alverez*, 358 Ill. App. 3d 555, 559, 831 N.E.2d 1159, 1163 (2005). Section 4 of article XIII of the Illinois Constitution of 1970 states that sovereign immunity is abolished in Illinois, except as the General Assembly may provide by law. Ill. Const. 1970, art. XIII, § 4. Pursuant to the constitutional grant of authority in article XIII, the Illinois General Assembly enacted the State Lawsuit Immunity Act (Immunity Act) (Pub. Act 77-1776 (eff. Jan. 1, 1972); 745 ILCS 5/0.01 to 1.5 (West 2010)). Section 1 of the Immunity Act provides the State shall not be named as a defendant or a party in any court, except as provided in the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 2010)), the Court of Claims Act (705 ILCS 505/1

-4-

*et seq.* (West 2010)), the State Officials and Employees Ethics Act (20 ILCS 1107/1 (West 2010)), and section 1.5 of this Act. 745 ILCS 5/1 (West 2010). The Court of Claims Act confers in the Court of Claims exclusive jurisdiction of "[a]ll claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency." 705 ILCS 505/8(a) (West 2010).

¶ 13    Whether an action is against the State of Illinois does not depend on the formal identification of the parties as they appear in the record; it depends on the issues involved and the relief sought. *Senn Park Nursing Center v. Miller*, 104 Ill. 2d 169, 186, 470 N.E.2d 1029, 1038 (1984); *Sass v. Kramer*, 72 Ill. 2d 485, 490-91, 381 N.E.2d 975, 977 (1978). The prohibition against making the State of Illinois a party to a suit cannot be evaded by bringing an action against a state employee in his individual capacity when the actual claim is against the State or when the State is directly and adversely affected by the suit. *Sass*, 72 Ill. 2d at 491, 381 N.E.2d at 977.

¶ 14    The "officer suit" exception to the doctrine of sovereign immunity is recognized in Illinois. *PHL, Inc. v. Pullman Bank & Trust Co.*, 216 Ill. 2d 250, 261, 836 N.E.2d 351, 357 (2005); *Schwing v. Miles*, 367 Ill. 436, 441-42, 11 N.E.2d 944, 947 (1937). Under the "officer suit" exception, an action against a state official for conduct in his official capacity may withstand a motion to dismiss on sovereign immunity grounds if the plaintiff alleges that the officer is enforcing an unconstitutional law, violating a law of Illinois, or otherwise acting beyond his authority. *PHL, Inc.*, 216 Ill. 2d at 261, 836 N.E.2d at 357; *Senn Park*, 104 Ill. 2d at 187-89, 470 N.E.2d at 1038-39. The exception is based on the presumption that the State will not violate the constitution and the laws of Illinois, and that if a violation occurs, it is committed solely by the state official. *Senn Park*, 104 Ill. 2d at 189, 470 N.E.2d at 1039.

¶ 15    The court must also consider the nature of the relief sought. There exists an important, often fine distinction between a suit which seeks to compel future action and one which seeks to present a claim to remedy a past wrong. See *Senn Park*, 104 Ill. 2d at 188-89, 470 N.E.2d at 1039; *Ellis v. Board of Governors of State Colleges & Universities*, 102 Ill. 2d 387, 395, 466 N.E.2d 202, 206-07 (1984); *Bio-Medical Laboratories, Inc. v. Trainor*, 68 Ill. 2d 540, 548-49, 370 N.E.2d 223, 227 (1977). An alleged violation of a statute by a state official does not, by itself, preclude the application of sovereign immunity if a judgment for the plaintiff could operate to control the actions of the State or subject it to liability. *Ellis*, 102 Ill. 2d at 395, 466 N.E.2d at 206-07. In contrast, the mere fact that a successful action would cause money to be paid from the state treasury does not mean that the action is one against the State. *Senn Park*, 104 Ill. 2d at 188-89, 470 N.E.2d at 1039; *Board of Education of Township High School District No. 206 v. Cronin*, 69 Ill. App. 3d 472, 474, 388 N.E.2d 72, 74 (1979). Where a state official violates the Illinois Constitution or statutes, or acts in excess of his statutory authority, our courts have found that a plaintiff's right to be free from the consequences of the state official's action generally outweighs the State's interests in controlling its purse and being free from interference with its governmental functions. *Senn Park*, 104 Ill. 2d at 188, 470 N.E.2d at 1039.

¶ 16    Mindful of these principles, we consider the allegations in the plaintiffs' complaint. The plaintiffs' complaint asserts that the Governor failed to authorize full payment of the 2010 stipend as mandated in section 4-6003(d) of the Counties Code, and that the Governor

thereby violated the law and article VII, section 9(b), of the Illinois Constitution. Accepting the factual allegations as true for purposes of the section 2-619 motion to dismiss, we find that the Governor is not a nominal defendant in this case. But this finding does not resolve the issue of whether sovereign immunity applies. We must also consider the nature of the relief sought.

¶ 17    The plaintiffs' action is titled "Complaint for Declaratory Relief." The plaintiffs have prayed for a judgment declaring that the Governor acted in violation of the Illinois Constitution and section 4-6003(d) of the Counties Code when he failed to authorize full payment of their annual stipend for 2010, and that they are entitled to receive the full amount of the 2010 stipend, their costs, and other fair and equitable relief. The plaintiffs have not sought to use the alleged statutory violations as a predicate for imposing liability in contract or in tort on the State of Illinois. Instead, they have asked for a declaration that the Governor has failed and continues to fail to do what the law requires.

¶ 18    The plaintiffs' complaint does not contain a prayer for *mandamus* relief. *Mandamus* is an extraordinary remedy to enforce the performance of official duties by a public officer where no exercise of discretion on his part is involved. *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133, 688 N.E.2d 81, 86 (1997). The remedy provides affirmative rather than prohibitory relief and can be used to compel the undoing of an act. *Noyola*, 179 Ill. 2d at 133, 688 N.E.2d at 86. For a complaint seeking *mandamus* to withstand a challenge to its legal sufficiency, it must allege facts which establish a clear right to the relief requested, a clear duty of the respondent to act, and clear authority in the respondent to comply with the writ. *Noyola*, 179 Ill. 2d at 133, 688 N.E.2d at 86. Our code of civil practice directs that pleadings shall be liberally construed with a view toward doing substantial justice between the parties. 735 ILCS 5/2-602 (West 2008). In considering the sufficiency of a complaint, a court will liberally construe the pleadings, accepting all well-pleaded facts as true, and it will not dismiss a complaint where a set of facts, if proved, would entitle the plaintiff to relief. Employing these principles, we find that the plaintiffs' complaint contains sufficient factual allegations to satisfy the necessary elements for *mandamus* relief. See *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 228-30, 710 N.E.2d 798, 813-14 (1999); *Noyola*, 179 Ill. 2d at 133, 688 N.E.2d at 86. Amendments to pleadings are liberally granted to permit parties to fully present their alleged cause or causes of action. *Grove v. Carle Foundation Hospital*, 364 Ill. App. 3d 412, 417, 846 N.E.2d 153, 157 (2006). In this case, the plaintiffs should be afforded the opportunity to amend their complaint to fully plead their alleged causes of action, including *mandamus*.

¶ 19    After reviewing the record, we conclude that the trial court erred in granting the Governor's section 2-619 motion to dismiss. The factual allegations in the plaintiffs' complaint are sufficient to establish jurisdiction in the circuit court under the "officer suit" exception to the doctrine of sovereign immunity and to support the remedy of *mandamus*. Therefore, we reverse the order of dismissal and remand this case to the trial court for further proceedings. On remand, the trial court is instructed to allow the plaintiffs the opportunity to amend their complaint to plead their alleged causes of action, including the remedy of *mandamus*.

¶ 20    In this appeal, the plaintiffs also challenged the trial court's orders denying them leave

to amend their pleadings. The record shows that the plaintiffs filed motions to add a party-plaintiff, to substitute a party plaintiff, to certify a class, and to seek leave to file an amended complaint for a class action. The trial court summarily denied these motions without argument, after it had dismissed the plaintiffs' action for lack of subject jurisdiction. In our view, this was error and those orders are hereby vacated. On remand, the trial court is instructed to allow the plaintiffs the opportunity to present and argue those motions.

¶ 21    Accordingly, the judgment of the circuit court of Franklin County is reversed and the cause is remanded with instructions.

¶ 22    Reversed; cause remanded with instructions.