(No. 54544.-

DONALD PETERS *et al.*, Appellees, v. THE HEALTH AND HOSPITALS GOVERNING COMMISSION *et al.*, Appellants.

*Opinion filed December 18, 1981.—Rehearing denied January 29, 1982.*

SIMON, J., dissenting.

Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. George A. Higgins and Joseph M. Wosik, Judges, presiding.

Richard M. Daley, State's Attorney (Jane Clark Casey, Deputy State's Attorney, and John A. Dienner III and Roman L. Sukley, Assistant State's Attorneys, of counsel), for appellants.

Lester Asher, Marvin Gittler, and Joel A. D'Alba (Asher, Goodstein, Pavalon, Gittler, Greenfield, and Segall, Ltd., of Chicago, of counsel), for appellees.

CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, as officers and representatives of two unions, representing the employees of hospitals under the control of defendant, the board of commissioners of Cook County (Board), brought this action in the circuit court of Cook County against the Board and its members seeking specific performance of two election agreements entered into by the Board's predecessor, the Health and Hospitals Governing Commission of Cook County (Commission). The circuit court allowed defendants' motions to dismiss the actions. Plaintiffs appealed, the appellate court reversed (91 Ill. App. 3d 1104), and we granted leave to appeal. The facts are adequately set forth in the appellate court opinion and will be reviewed here only to the extent necessary to discuss the issues.

In two "election agreements" executed by the Commission and the unions represented by plaintiffs it was agreed that secret-ballot elections would be held to determine whether a majority of the employees in designated units at defendants' hospitals wished to be represented by a union. The first of these agreements was executed in 1971, and apparently several bargaining agreements were subsequently entered into between that union and the Commis-

sion. The agreement with the second union was entered into in 1979, and no bargaining agreement was ever entered into as the result of that election. Under the provisions of section 10 of the County Hospitals Act (Ill. Rev. Stat., 1980 Supp., ch. 34, par. 5020), effective November 30, 1979, the Board took over the operation of the hospitals. Section 10 in pertinent part provides: "[a]ll rights, duties and obligations of the Commission shall become the rights, duties and obligations of the Board of Commissioners."

In reversing the judgments of the circuit court dismissing the actions the appellate court held that the contracts were not terminable at will and that the agreements were enforceable against the Board. It held that the statute transferring jurisdiction over the county hospitals from the Commission to the Board effected the transfer of the Commission's obligations under these election agreements.

This record presents no question of the enforcement of specific contractual provisions concerning wages, hours, conditions of employment, or which disputes may properly be submitted to arbitration. The relief sought by plaintiffs in these actions is that the Board be ordered "to bargain in good faith concerning wages, hours and working conditions" of certain of its employees and "to submit all unresolved negotiation issues to an impartial fact finder." The narrow question presented is whether, because section 10 of the County Hospitals Act provides that the duties and obligations of the Commission shall become the duties and obligations of the Board, the defendants can be required to negotiate in accordance with the prayer of the complaints.

Although much of the appellate court opinion was devoted to determining whether the election agreements were of perpetual duration and therefore terminable at will, or whether they contained ascertainable points of termination, we do not reach these issues. If the agreements are construed to be of perpetual duration, they were terminable at will and defendants were free to terminate them. As-

suming, *arguendo,* that the provisions for termination upon the unions' loss of majority representation of the employees constituted an ascertainable point of termination so as to preclude construing the agreements to be of perpetual duration, we are of the opinion that the agreements are nevertheless unenforceable.

The agreements imposed upon the Commission only the duty to bargain in good faith. The only intended result of such bargaining is the execution of an agreement covering the compensation, benefits and working conditions of the affected employees. Whether its source is the Constitution (Ill. Const. 1970, art. VII), the Cook County commissioners' act (Ill. Rev. Stat. 1979, ch. 34, par. 909) or the County Hospitals Act, the power to fix compensation, benefits and working conditions requires the exercise of the Board's discretion.

This court has held that a public body may not delegate a discretionary public responsibility with which it is charged. (*Board of Trustees v. Cook County College Teachers Union, Local 1600* (1979), 74 Ill. 2d 412; *Board of Trustees v. Cook County College Teachers Union, Local 1600* (1976), 62 Ill. 2d 470; *Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127.) Although the courts have enforced collective bargaining agreements within the scope of those limitations, we find no authority in statutory or case law which supports the position that a public body can be ordered to negotiate such an agreement. Indeed, under the National Labor Relations Act, a State or local governmental entity has the unequivocal right to refuse to enter into a collective bargaining agreement with its employees.

For the reasons stated the judgment of the appellate court is reversed and the judgments of the circuit court are affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE SIMON, dissenting:

I dissent for the reasons stated by the appellate court as well as the reasons stated in my dissent in *Board of Education v. Chicago Teachers Union, Local 1* (1981), 88 Ill. 2d 63, and add the following.

The Health and Hospitals Governing Commission, in agreeing to bargain with the unions, did not surrender its discretion to set the terms of employment. No terms would become effective until the Commission approved them, and the Commission did not have to agree to anything not to its satisfaction. If bargaining broke down, the Commission was free to do as it pleased. There was no more delegation of a public duty (here the Commission's duty to exercise discretion to set the terms of employment) than there was in the recent case of *Metropolitan Sanitary District v. Village of Romeoville* (1981), 86 Ill. 2d 213. There, this court upheld a contract by which the sanitary district promised to perform Romeoville's legal duty to maintain a bridge. One way for Romeoville to discharge that duty was to have the sanitary district do it for them. If the sanitary district failed to maintain the bridge properly, Romeoville would have to do so itself; the contract did not absolve it of its duty to the public to maintain the bridge; but it was a proper way of arranging a method by which that duty would be fulfilled. Likewise, the hospitals commission's contracts did not divest it of its duty or ability to exercise discretion, but simply established a procedure, collective bargaining, for the preliminary task of generating a proposal. *Littleton Education Association v. Arapahoe County School District, No. 6* (1976), 191 Colo. 411, 553 P.2d 793.

The County Hospitals Governing Commission Act provided:

"The Commission * * * may contract with one or more responsible public or non-profit corporations, hospitals, or health care facilities * * * for the operation

of any hospital *** and for the provision of any *** health *** services which the county *** may be required or authorized by law to provide, and the Commission may contract for any other service for the convenience of its operations as it may deem advisable." (Ill. Rev. Stat. 1977, ch. 34, par. 5022.) In view of this statutory invitation for the Commission to farm out practically all its functions, I believe the undertaking in the contract to bargain collectively with hospital employees, with the Commission retaining ultimate discretion and control, was within the Commission's power and not against public policy. The contract was valid, and the county board, as successor to the hospitals commission, is bound by it under the County Hospitals Act of 1979, which provided a clear transfer of "[a]ll rights, duties and obligations" of the Commission to the Board (Ill. Rev. Stat., 1980 Supp., ch. 34, par. 5020).