MARGARET BRUCATO, Plaintiff-Appellant, v. JAMES EDGAR, Secretary of State, *et al.*, Defendants-Appellants.

First District (5th Division)   No. 83—3093

Opinion filed October 26, 1984.

Larry D. Drury, Ltd., of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Kathleen Kreisel, Assistant Attorney General, of counsel), for appellee James Edgar.

Jonathan A. Rothstein, of Chicago (Rothstein, Adams & Rothstein, of counsel), for appellee General Service Employees Union, Local 73.

JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from the dismissal of plaintiff's amended complaint against defendants James Edgar, Secretary of State (Secretary) and General Service Employees Union, Local 73, Service Employees International Union, AFL-CIO-CLC (Union) in an action for injunctive relief, an accounting, and damages. The sole issue on review is the propriety of that dismissal.

Plaintiff, formerly employed by the office of the Secretary[1] as a facility service representative in Du Page County, filed a three-count complaint on behalf of herself and all persons similarly situated,[2] alleging essentially that the 1978 and 1981 collective bargaining agreements between the Secretary and the Union, as labor representative of facility service personnel, were unconstitutional. Specifically, she alleged that the Secretary employs two classifications of facility service representatives—"Cook County" and "Downstate/Collar" (downstate) county employees and that, pursuant to the agreements at issue, downstate service personnel are paid at a lower rate than their Cook County counterparts.

In count I, which was directed against the Secretary, plaintiff alleged that the classifications and the corresponding wage differentials were arbitrary and discriminatory and constituted a denial of her constitutional right to due process and equal protection, and sought (a) to

---

[1]The record indicates that during the pendency of this appeal, plaintiff's employment with the office of the Secretary of State was terminated for reasons apparently unassociated with the issues involved in this case.

[2]Although plaintiff characterizes this as a class action suit, no class has ever been certified.

enjoin the Secretary from currently paying, or contracting in the future to pay, downstate service workers lower wages than those paid to Cook County service personnel; (b) an accounting of the salary differentials and the interest accrued thereon for 10 years preceding institution of this action; and (c) appointment of a trustee to administer and distribute the back wages to downstate employees. Plaintiff also alleged, in counts II and III, gross negligence and breach of fiduciary duty by the Union in negotiating and entering into these agreements and sought the same relief as requested in count I as well as both actual and punitive damages from the Union.

Both defendants moved to dismiss plaintiff's action. In his motion, the Secretary essentially maintained that although plaintiff's complaint was purportedly directed against him as an individual, in actuality it alleged a claim founded upon a contract for damages against him in his official capacity as an officer of the State, and it was thus within the exclusive jurisdiction of the Illinois Court of Claims. In support of its motion, the Union asserted, *inter alia*, that being a voluntary, unincorporated association, it was not amenable to a suit for damages; that the complaint failed to allege the existence or breach of a duty owed by it to plaintiff; and that she had failed to exhaust all internal administrative remedies available to her prior to filing this action, as is required by the Union's constitution and by-laws. The motions to dismiss were granted, and this appeal followed.

OPINION

We first consider plaintiff's contention that dismissal of count I against the Secretary was improper. Initially, we note that although by section 4, article XIII, of the 1970 Illinois Constitution (Ill. Const. 1970, art. XIII, sec. 4) the doctrine of sovereign immunity was abolished, the legislature, acting under its constitutional authority, partially reinstated the doctrine by passing section 1 of "An Act in relation to immunity for the State of Illinois" (the immunity statute), which states that "[e]xcept as provided in 'An Act to create the Court of Claims ***,' the State of Illinois shall not be made a defendant or party in any court." Ill. Rev. Stat. 1981, ch. 127, par. 801.

Plaintiff asserts, however, that the immunity statute is inapplicable here, arguing in substance that (a) the action is not one against the State; (b) even if it were, the State waived immunity by entering into the disputed contracts; and (c) the Court of Claims lacks the power to grant the equitable relief sought herein.

■■ With regard to plaintiff's first assertion, it has repeatedly

been held that in determining whether an action is a suit against the State and, therefore, one which must be brought in the Court of Claims, the circuit court is not bound by the formal identification of the parties, but rather, must analyze the issues involved and the nature of the relief sought (*Hudgens v. Dean* (1979), 75 Ill. 2d 353, 388 N.E.2d 1242; *Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975); and while it is true that an action to restrain a State official from acting in contravention of the law or exceeding his authority thereunder is not considered to be against the State (*Board of Trustees v. Illinois Community College Board* (1978), 63 Ill. App. 3d 969, 380 N.E.2d 988), it is well settled that where the action seeks to control the officer's conduct in governmental matters with respect to which he has been granted discretionary authority (*Boards of Education v. Cronin* (1977), 54 Ill. App. 3d 584, 370 N.E.2d 19), and if a judgment for plaintiff could operate to control the actions of the State or subject it to liability, it will be deemed an action against the State even though it is not a named party therein (*Local 3236 v. Illinois State Board of Education* (1984), 121 Ill. App. 3d 160, 459 N.E.2d 300; *McGuire v. Board of Regents* (1979), 71 Ill. App. 3d 998, 390 N.E.2d 632).

Relying principally on *Board of Education v. Cronin* (1979), 69 Ill. App. 3d 472, 388 N.E.2d 72, and *Hoffman v. Yack* (1978), 57 Ill. App. 3d 744, 373 N.E.2d 486, plaintiff argues that this suit is not against the State, but against James Edgar as an individual and in his official capacity as Secretary of State to enjoin him from acting in excess of the authority delegated to him, and to compel him "to perform his duties within the law."

■ Preliminarily, we note that there is nothing in the record to suggest that in negotiating and contracting with the Union to establish the disputed schedule of wage rates, the Secretary was acting in other than his official capacity; indeed, the allegations in plaintiff's complaint, which contain numerous references to "defendant's employees," "defendant's office," and even to "defendant's predecessor," and which challenge the propriety of actions relating to his official duties, indicate that the action was directed against the Secretary as an officer of the State. See *Hudgens v. Dean* (1979), 75 Ill. 2d 353, 388 N.E.2d 1242.

Secondly, in our view, plaintiff's reliance on the cases she cites as support for her position that this is not a suit against the State is misplaced. In *Hoffman v. Yack* (1978), 57 Ill. App. 3d 744, 373 N.E.2d 486, plaintiff, a tenured instructor, filed a two-count complaint against the board of trustees of the university where he

taught and the supervisor of his department thereat, alleging that the supervisor had engaged in a deliberate and malicious course of conduct designed to damage his relationship with the university administration and that the board breached its duty to accord him fair consideration with respect to increases in pay and promotions. Although the court affirmed the dismissal of plaintiff's action against the board, finding that "as framed by both the issues and the relief sought," *i.e.*, money damages, it was a suit against the State over which the circuit court had no jurisdiction, the court reversed the order dismissing plaintiff's action against the supervisor, observing that the actions complained of—which included the propagation of false accusations concerning plaintiff's competency, morality, and integrity, as well as interference with student evaluations of him and interception of his mail—constituted wrongful conduct not within the scope of his duties as a supervisor, and that a judgment against defendant as an individual would neither affect the actions of the State nor subject it to liability. Inasmuch as the complaint before us contains no such allegations of tortious conduct and the relief sought would clearly affect the actions of the State and subject it to liability, we believe that the holding in *Hoffman v. Yack* is inapplicable here.

In *Board of Education v. Cronin* (1979), 69 Ill. App. 3d 472, 388 N.E.2d 72, plaintiff school district brought an action against the State Superintendent of Education seeking to restrain him from withholding legislatively budgeted transportation funds from it. The *Cronin* court held that the Superintendent's conduct was in violation of a nondiscretionary duty to disburse those funds as mandated by the School Code, and thereby concluded that the action was not against the State but against its agents to compel their compliance with the law. In the case at bar, we note that section 10a of the Merit Employment Code (Ill. Rev. Stat. 1981, ch. 124, par. 110a) authorizes the Secretary to appoint a director of personnel who is responsible for the preparation of a "fair and reasonable" compensation plan which "may include provisions for *** area differentials" and which is subject to approval by the Secretary. Furthermore, although at the time the disputed contracts were negotiated, the Secretary—as a public employer—was empowered to enter into collective bargaining agreements with bargaining representatives selected by its employees (*Tobin v. Health & Hospitals Governing Com.* (1978), 66 Ill. App. 3d 564, 384 N.E.2d 77), it could not be compelled to do so (*Peters v. Health & Hospitals Governing Com.* (1981), 88 Ill. 2d 316, 430 N.E.2d 1128, *cert. denied* (1982), 459 U.S.

826, 74 L. Ed. 2d 63, 103 S. Ct. 60).[3] Thus, unlike *Cronin*, in which plaintiff sought to compel compliance with a nondiscretionary, statutorily mandated duty, the claim in this case arises from a contract which the Secretary was under no legal duty to negotiate and which concerned wage matters within the discretionary authority conferred upon him by the legislature. Section 8(b) of the Court of Claims Act provides that the Illinois Court of Claims "shall have exclusive jurisdiction to hear and determine *** all claims against the state founded upon any contract entered into with the State of Illinois." Ill. Rev. Stat. 1981, ch. 37, par. 439.8(b).

We turn then to plaintiff's argument that even if we find this action to be one against the State, as we have, the State—through the Secretary—has waived immunity by entering into the contracts at issue. In response to an analogous argument made in a breach of contract action against the State, the supreme court in *S.J. Groves & Sons Co. v. State of Illinois* (1982), 93 Ill. 2d 397, 404, 444 N.E.2d 131, 134, stated:

> "Because the State is obligated under a Contract it signed does not mean that a remedy to institute a suit in a circuit court *** is implied.
>
> Consent to be sued cannot be implied when there is an express statutory provision to the contrary. Whether the State is liable on a particular contract is a different question from whether the State is immune from being sued by an aggrieved party on that contract."

We recently had occasion to address a similar argument in *Local 3236 v. Illinois State Board of Education* (1984), 121 Ill. App. 3d 160, 459 N.E.2d 300, wherein the plaintiff union sued in the circuit court to compel the board of education to arbitrate a salary grievance arising from a collective bargaining agreement. Quoting *J. L. Simmons Co. v. Capital Development Board* (1981), 98 Ill. App. 3d 445, 424 N.E.2d 821, we observed that "[t]he State can consent to suit, but only through the affirmative action of the General Assembly. [Citations.] An officer or agency of the [S]tate does not have the authority to waive laws that are for the benefit of this State ***." (*Local 3236 v. Illinois State Board of Education* (1984), 121

---

[3]Under the Illinois Public Labor Relations Act (Ill. Ann. Stat., ch. 48, par. 1601 *et seq.* (Smith-Hurd 1984 Supp.)), effective July 1, 1984, a public employer has the duty to bargain collectively with the exclusive bargaining representative of its employees (Ill. Ann. Stat., ch. 48, par. 1607 (Smith-Hurd 1984 Supp.)), and refusal to do so constitutes an unfair labor practice (Ill. Ann. Stat., ch. 48, par. 1610 (Smith-Hurd 1984 Supp.)).

Ill. App. 3d 160, 166, 459 N.E.2d 300, 304.) Consequently, we find no merit in plaintiff's contention that the Secretary waived immunity by entering into the contracts at issue.

Similarly, we are unpersuaded by plaintiff's assertion that this action is properly within the jurisdiction of the chancery division of the circuit court because, she argues, the Court of Claims Act "reveals that the claims court is not equipped to award the equitable relief sought herein [but] [r]ather, strictly limits *** jurisdiction to entry of a money judgment *** against the State."

■ Noting first that plaintiff is no longer employed by the Secretary, we agree with the latter—and plaintiff appeared to concede in arguments before us—that she no longer has standing to seek prospective relief in the form of an injunction restraining him from paying or contracting to pay downstate employees wages which are disparate from those paid to Cook County employees. Moreover, even if plaintiff were currently employed by the Secretary, in view of the fact that the legislature has conferred upon him, as an agent of the State, the responsibility and authority to establish a compensation plan which, in his discretion, is fair and reasonable and which may contain variations in wage rates within the same job classification based on geographical considerations, he could not be compelled to pay plaintiff at a rate equal to that paid to Cook County facility service representatives (see *Peters v. Health & Hospitals Governing Com.* (1981), 88 Ill. 2d 316, 430 N.E.2d 1128, *cert. denied* (1982), 459 U.S. 826, 74 L. Ed. 2d 63, 103 S. Ct. 60), and the issuance of a mandatory injunction to that effect would therefore be meaningless.

■ Furthermore, although plaintiff's prayer for relief is framed in equitable terms, it is apparent from reading of the complaint in its entirety that the principal relief sought is a monetary judgment for the difference between the wages paid to her and those paid to Cook County personnel pursuant to the collective bargaining agreements in effect throughout the last decade; indeed, plaintiff acknowledged both in her brief and in arguments before us that essentially she is seeking to be recompensed for those wage discrepancies. Thus, notwithstanding the terminology employed in the pleadings, the present action is substantively a claim for monetary damages from the State arising from a contract with the State. As such, it is within the exclusive jurisdiction of the Court of Claims, and the mere fact that equitable relief in the form of an accounting and appointment of a trustee is also sought does not alter the basic nature of the suit, inasmuch as an order granting such relief clearly would be dependent upon and incidental to a preliminary finding that plain-

tiff is entitled to a judgment for damages and would merely serve as the vehicles by which to calculate and distribute the amount due her thereunder.

■ Moreover, we find nothing in the language of the Court of Claims Act—nor in the case law interpreting it—which "strictly limits" jurisdiction of that Court to monetary claims. To the contrary, section 8 provides that the Court shall have exclusive jurisdiction to hear and determine, "(a) *all claims* against the state founded upon any law of the State of Illinois," and "(b) *all claims* against the state founded upon any contract entered into with the State of Illinois." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 37, pars. 439.8(a), (d).) It appears therefrom—and cases have held—that it is the nature of the action, *i.e.*, whether it is one against the State, as well as the relief sought, which determines whether jurisdiction is in the Court of Claims.

In *G. H. Sternberg & Co. v. Bond* (1975), 30 Ill. App. 3d 874, 333 N.E.2d 261, this court reversed the order of the circuit court temporarily enjoining defendant from attempting to enforce its rights under a contract between plaintiff and the State of Illinois, holding that, being a claim founded upon a contract with the State, the action was cognizable only in the Court of Claims. This court further noted, however, that its holding would not preclude plaintiff from seeking injunctive relief therein because "it is clear that the jurisdiction of the Court of Claims is not limited to money 'claims' and that one may pursue remedies in the Court of Claims other than for the recovery of a sum of money." 30 Ill. App. 3d 874, 878, 333 N.E.2d 261, 264.

Most recently, in *Ellis v. Board of Governors* (1984), 102 Ill. 2d 387, 466 N.E.2d 202, wherein plaintiff sought injunctive relief in addition to money damages in her action against the board for breach of her employment rights in wrongfully discharging her from her position as a tenured professor, the supreme court reviewed the language of the Court of Claims Act and held that, whether construed as an action sounding in contract or tort or as one for a violation of the statute governing the State college and university system, under section 8 the action was a claim against the State within the exclusive jurisdiction of the Court of Claims. The court also stated:

> "Because plaintiff seeks injunctive relief, in addition to money damages, does not mean, as plaintiff asserts, that her suit must be severed into two parts, that portion of the suit for money damages being brought in the Court of Claims and the other portion being brought in the circuit court. \*\*\*

[P]laintiff's suit *** is clearly based upon a present claim which has the potential to subject the State to liability and thus, must be brought in the Court of Claims." (*Ellis v. Board of Governors* (1984), 102 Ill. 2d 387, 395, 466 N.E.2d 202, 206-07.)

Thus, whether the basis of plaintiff's claim is that the Secretary acted outside the scope of his authority under the Merit Employment Code (Ill. Rev. Stat. 1981, ch. 124, par. 110a)—a law of this State—in entering into the collective bargaining contracts challenged here and/or that the agreements are unconstitutional, the action is nonetheless a claim which has the potential to control the actions of the State and subject it to liability, and under sections 8(a) and 8(b) of the Court of Claims Act, as well as the authorities we have cited, may be brought only in the Court of Claims.

▮ ▮ Turning then to plaintiff's contention that dismissal of counts II and III against the Union was improper, we note initially that under the common law, a voluntary unincorporated association—such as a labor union—had no legal existence independent of the members who composed it, and therefore could neither sue nor be sued in its own name in an action at law. (*Burkhart v. Illinois Power Co.* (1973), 9 Ill. App. 3d 139, 291 N.E.2d 673; *Cahill v. Plumbers', Gas & Steam Fitters' & Helpers' Local 93* (1925), 238 Ill. App. 123.) This long-standing principle was reaffirmed in *American Federation of Technical Engineers, Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263, 347 N.E.2d 712, where the majority of the court stated:

" 'There is no authority for an action at law against a defendant in a representative capacity or for an action at law by a plaintiff in a representative capacity.' " (63 Ill. 2d 263, 267, 347 N.E.2d 712, 715.)

Plaintiff maintains, however, that this rule is inapplicable in the present case because it is an action for equitable relief. While it is true that representative actions are permitted in equity (*American Federation of Technical Engineers, Local 144, v. La Jeunesse* (1976), 63 Ill. 2d 263, 347 N.E.2d 712), we note that although counts II and III, directed at the Union—like count I against the Secretary—purported to seek equitable relief in the form of an injunction restraining the Union from contracting with the Secretary for lower wages for downstate employees than those paid to Cook County personnel and an accounting and appointment of a trustee, plaintiff also sought a monetary judgment for the loss of wages caused by the Union's alleged past negligence in negotiating and entering into the contracts

at issue as well as $1,000,000 in punitive damages. Given our findings that because she is no longer an employee of the Secretary—or a member of the Union—plaintiff has no standing to seek prospective relief in the form of a mandatory injunction; that even if such an injunction were issued, the Secretary, as a public officer vested by the legislature with discretion in the establishment of a compensation schedule for employees of his agency, could not be compelled to comply therewith; and that the ordering of an accounting and the appointment of a trustee are merely incidental to a finding that plaintiff is entitled to money damages, we believe that this was, in substance, an action at law over which the circuit court lacked jurisdiction under the common law rule barring such suits by or against a voluntary unincorporated association.

We note, however, that the three dissenting justices in *La Jeunesse* expressed the sentiment of numerous critics who urged abrogating of the common law rule (see, *e.g., Mulligan v. Teamsters Union, Local 971* (1978), 59 Ill. App. 3d 587, 375 N.E.2d 891 (dissenting opinions)), stating:

> "The facts of life are that unincorporated voluntary associations, as entities, own and control assets worth millions of dollars and wield great power, both economic and political. Their ability to sue and be sued should not depend upon the continued existence of an archaic rule based on a legal fiction."
> (*American Federation of Technical Engineers v. La Jeunesse* (1976), 63 Ill. 2d 263, 269, 347 N.E.2d 712, 716.)

Nevertheless, the majority held that if the common law rule were to be changed in Illinois, such change should come as it had in other States—by legislative action.

Thereafter, in apparent response to criticism of the doctrine, the General Assembly enacted section 2—209.1 of the Code of Civil Procedure (Ill. Ann. Stat., ch. 110, par. 2—209.1 (Smith-Hurd Supp. 1984)), effective January 1, 1984, which provides in pertinent part:

> "A voluntary unincorporated association may sue and be sued in its own name, and may complain and defend in *all actions*." (Emphasis added.)

Thus, although not raised by the parties, we will next consider the question as to whether section 2—209.1, which was enacted subsequent to the dismissal of the case before us, may be applied retroactively thereto.

A retroactive law is generally defined as one which "takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new disabil-

ity in respect of transactions or considerations already past" (*United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 142, 204 N.E.2d 4), and as our supreme court has stated:

> "In the absence of express language declaring otherwise, an amendatory act is ordinarily construed as being prospective in its operation [citations] ***. However, *** [w]hen a change of law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure, without regard to whether they accrued before or after such change of law and without regard to whether or not the action has been instituted, unless there is a saving clause as to existing litigation." *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034, 1041-42; see also *Board of Education v. Illinois State Board of Education* (1984), 122 Ill. App. 3d 471, 473, 461 N.E.2d 567, 569.

■■■ ■ Applying this reasoning, the courts have retrospectively applied statutory amendments affecting only changes in procedure. (See *Nelson v. Miller* (1957), 11 Ill. 2d 378, 143 N.E.2d 673; *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513; *In re Marriage of Levy* (1982), 105 Ill. App. 3d 355, 434 N.E.2d 400.) However, retroactive legislation is not favored (34 Ill. L. & Prac. *Statutes* sec. 193 (1958)), and it is presumed that the legislature intended a provision affecting substantive rights to operate prospectively unless a contrary intent is expressed or clearly implied by the language therein or the circumstances surrounding its enactment (1A Sutherland, Statutory Construction sec. 22.36 (4th ed. 1972)).

■■ Here, the conduct of the Union purportedly giving rise to liability occurred several years prior to enactment of the statute creating such liability. In view of the long-standing common law principle barring suits for damages against voluntary unincorporated associations, we think it clear that section 2—209.1 is not merely a change in remedy or procedure, but instead, creates both new rights and new obligations which heretofore did not exist. Moreover, we find nothing in the language of the provision, nor in the Historical and Practice Notes following it, expressing or even suggesting a legislative intent that the new provision be applied retrospectively to suits instituted prior to its enactment. Adhering to established principles of statutory construction, we therefore conclude that the legislature intended section 2—209.1 to operate prospectively. Having determined that, for purposes of this action, the Union was not a legal entity with the capacity to sue or be sued, it is unnecessary to address the parties' additional arguments concerning whether it

breached a duty owed to plaintiff and whether she properly exhausted all internal administrative remedies available to her prior to filing this action.

For the foregoing reasons, the order of the circuit court dismissing plaintiff's amended complaint is affirmed.

Affirmed.

MEJDA, P.J., and PINCHAM, J., concur.