U.S. AIR, INC., *et al.*, Plaintiffs, v. PRESTIGE TOURS, INC., d/b/a Prestige Travel, *et al.*, Defendants-Appellees (U.S. Air, Inc., *et al.*, Appellants).

First District (5th Division)   No. 84—2293

Opinion filed May 2, 1986.

Jack T. Riley, Jr., and Brian J. Wanca, both of Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellants.

Mark S. Lieberman and Erica Tina Helfer, both of Rosenthal & Schanfield, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This appeal arises out of a suit filed by the plaintiff airlines against defendants Daniel Mahru and David Moore and several corporations in which they were officers, directors, and shareholders. The circuit court of Cook County granted defendants' motion to dismiss certain of those plaintiffs under the authority of section 125 of the Business Corporation Act of 1933, which provided that a foreign corporation doing business in Illinois without a certificate of authority could not bring a civil action (Ill. Rev. Stat. 1981, ch. 32, par. 157.125 (repealed; now section 13.70 of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1985, ch. 32, par. 13.70))). On appeal those dismissed plaintiffs contend: (1) the trial court erred in finding, without an evidentiary hearing, that the dismissed plaintiffs were doing business in Illinois within the meaning of section 125; (2) because the dismissed plaintiffs are involved in interstate commerce their right to sue on a cause of action arising out of that activity cannot be denied by a State law.

We reverse and remand.

This cause of action arises out of a contract in which the defendants agreed to serve as agents for the plaintiff airlines "for the purpose of promoting and selling air passenger transportation offered by the [airlines]." A complaint was initially filed by the Air Traffic Conference of America, a division of the Air Transport Association of America, an unincorporated association. That action was dismissed because under the then-prevailing law an unincorporated association could not sue in its own name. (See Ill. Ann. Stat., ch. 110, par. 2—209.1, Historical and Practice Notes, at 26 (Smith-Hurd 1985 Cumulative Annual Pocket Part).) The plaintiff airlines, members of that association, were substituted as plaintiffs. In their amended complaint the plaintiffs alleged, *inter alia*, that defendants had wrongfully retained and converted from plaintiffs sums received from the sale of air transportation. Plaintiffs also alleged that there had been a fraudulent conveyance of funds between some of the defendants. Plaintiffs sought recovery of these funds and also sought to have defendants Moore and Mahru held individually liable for these debts.

Based on allegations in the complaint that all of the plaintiffs were "doing business in Chicago, Illinois," the trial court granted defendants' motion to dismiss those plaintiffs that had failed to obtain certificates of authority, and those plaintiffs have appealed.

We do not reach the issue of whether the circuit court properly found, based solely on the allegations of plaintiffs' complaint, that the plaintiffs were doing business in Illinois for purposes of section 125 of the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.125; (repealed; now section 13.70 of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1985, ch. 32, par. 13.70))). We find that even assuming this finding was proper, the plaintiffs-appellants were improperly dismissed as parties plaintiff.

As we have noted, section 125 provided that a foreign corporation transacting business in Illinois without a certificate of authority could not bring a civil action. However, section 161 of the same act provided that the Act's provisions applied to interstate commerce only so far as permitted by the United States Constitution. (Ill. Rev. Stat. 1981, ch. 32, par. 157.161 (repealed; now section 1.70(f) of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1985, ch. 22, par. 1.70(f))).) Our supreme court has held that based on this statute and on the interstate commerce clause a foreign corporation cannot be denied the right to sue on a cause of action based on a transaction involving interstate commerce, even though the corporation has not complied with the law by obtaining a certificate of authority. *Textile Fabrics Corp. v. Roundtree* (1968), 39 Ill. 2d 122, 233 N.E.2d 376.

It is undisputed that this cause of action arises out of a contract in which the defendants agreed to serve as agents for the plaintiff airlines in promoting and selling air-passenger transportation offered by the airlines. It is also undisputed that the flights at issue were interstate. It is well established that the solicitation of passengers for transportation within interstate commerce is an activity directly related to interstate commerce. (*McCall v. California* (1890), 136 U.S. 104, 34 L. Ed. 391, 10 S. Ct. 881.) Thus the plaintiffs here are seeking to bring a cause of action arising out of interstate commerce, and they cannot be barred from doing so based on their failure to comply with an Illinois requirement that they first obtain a certificate of authority. It was error for the trial court to dismiss the plaintiffs that had failed to obtain certificates of authority. We therefore reverse and remand for reinstatement of the appellants as plaintiffs in this suit.

The judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

SULLIVAN, P.J., and PINCHAM, J., concur.