U. S. AIR, INC., Plaintiffs-Appellants, v. PRESTIGE TOURS, INC., d/b/a Prestige Travel, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 86—0709

Opinion filed July 31, 1987.

Johnson, Cusack & Bell, Ltd., of Chicago (Jack T. Riley, Jr., and Brian J. Wanca, of counsel), for appellants.

Rosenthal & Schanfield, of Chicago (Mark S. Leiberman and Erica Tina Helfer, of counsel), for appellees.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by one or more of the plaintiffs from an order of the trial court denying the filing of a second amended complaint seeking the substitution of the Air Lines Reporting Corporation (ARC) as party-plaintiff. The underlying action is an action involving an alleged conversion of monies by defendants received from the sale of air transportation.

This is the second appeal of this case by some of the same plaintiffs on a matter of procedure. In the first appeal this court held that the trial court erroneously dismissed the cause as to some of the plaintiffs because they were foreign corporations doing business in Illinois without having obtained a certificate of authority as required by the Illinois Business Corporation Act. (Ill. Rev. Stat. 1981, ch. 32, par. 157.125 (repealed; now Ill. Rev. Stat. 1985, ch. 32, par. 13.70).) In the first appeal this court held that under Illinois statutes and the United States Constitution, foreign corporations engaged in interstate commerce could not be denied the right to sue in Illinois courts even though they failed to comply with Illinois law by obtaining a certificate of authority to transact business here. (*U. S. Air, Inc. v. Prestige Tours, Inc.* (1986), 143 Ill. App. 3d 457, 492 N.E.2d 1379). In this case, one or more of the plaintiffs complain that the trial court erred in denying their motion to make ARC the sole party-plaintiff. The record indicates one or more of the plaintiffs appeal in this case, because the record is confusing as to which of the 14 present plaintiffs are in fact appealing.

In the notice of appeal only one of the present 14 named plaintiffs appeals. That plaintiff is U. S. Air, Inc., a Delaware corporation. Yet, the brief filed in the case indicates seven of the present plaintiffs are plaintiffs-appellants. ARC, the corporation that the trial court refused to allow to be named the party-plaintiff, is not an appellant, nor is American Traffic Conference of America (ATC), the voluntary corporation which was the initial party. Despite the confusion as to who, in fact, are the appellants in this case and who was injured by the trial court order, three defendants, Prestige Tours, Inc., d/b/a Prestige Travel, Daniel S. Mahru and David N. Moore have filed a motion to dismiss the appeal. This court took the motion to dismiss the appeal with the case. The three defendants responded to the plaintiff or plaintiffs, who appealed by a brief indicating they elected to rest on their motion to dismiss the appeal.

This court now grants the motion to dismiss the appeal for the following reasons. The court first sets out the history of the litigation if only to demonstrate the procedural merry-go-round our modern law of procedure sometimes places a litigant on.

The underlying action was filed in 1981. It involves a sales agency agreement of an entity known as Air Traffic Conference of America, a division of the Air Transport Association of America, an unincorporated association. For brevity's sake, the court will call it the ATC, hoping the readers will not confuse it with the old civilian branch of our air force that so successfully transported military personnel throughout the world in World War II. The original complaint involved multicounts charging the defendants with breaches of their agreement with ATC by failing to turn over proceeds from the sale of airline tickets to individual airlines who became plaintiffs, fraud, conversion, and breach of trust. The complaint was filed on March 11, 1980.

On March 14, 1980, defendants filed their answer and moved to dismiss the association on the basis that ATC had no standing to maintain the action as a voluntary association. The trial court granted the motion. The trial court's action was procedurally sound because, at the time, March 14, 1980, a voluntary association such as ATC could not sue or be sued in its own name under Illinois procedural law. *U. S. Air Line, Inc. v. Prestige Tours, Inc.* (1986), 143 Ill. App. 3d 457, 458, 492 N.E.2d 1379.

Plaintiffs filed an amended complaint substituting individual airlines as party-plaintiffs. Defendants answered and moved to dismiss because certain of the airlines had failed to register as foreign corporations doing business in Illinois as required by section 125 of the then-effective Illinois Business Corporation Act. (Ill. Rev. Stat. 1979, ch. 32, par. 157.125 (repealed; now Ill. Rev. Stat. 1985, ch. 32, par. 13.70).) On September 9, 1980, the trial court granted the motion to dismiss and the plaintiffs appealed. As indicated above, this court by its opinion filed May 2, 1986, reversed the trial court's order dismissing the airlines that failed to register as foreign corporations. After this court's order of reversal, the matter, in accordance with this court's mandate, was reinstated in the trial court.

Plaintiffs again sought to reinstate the association as plaintiff on the basis of section 2—209.1 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—209.1) That provision of the Illinois Code of Civil Procedure effective January 1, 1984, provided in part that a voluntary unincorporated association like ATC could sue or be sued in its own name. On May 13, 1985, the trial court denied plaintiffs' motion for leave to reinstate ATC as a plaintiff pursuant to

this court's decision in *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 470 N.E.2d 615. In the *Brucato* case, this division of this court ruled that the statute effective January 1, 1984, permitting voluntary associations to sue or be sued in their own name could not be applied retroactively. ATC is not now and has not been a party to the litigation since 1980. As of the writing of this opinion, 13 individual airlines are party-plaintiffs. As indicated, only one or six are named appellants in this appeal.

On January 13, 1986, prior to the filing of this court's opinion in the initial appeal, the 13 airlines still party-plaintiffs filed a motion for leave to substitute the airline reporting corporation as party-plaintiff. In support of their motion they alleged that ATC, the voluntary unincorporated association, was dissolved and its claim was assigned to ARC, the Delaware corporation. The airlines requested that ARC be substituted as party-plaintiff in lieu of the individual air carriers.

On February 13, 1986, the trial court denied the motion to substitute ARC as the party-plaintiff "for reasons stated in open court," finding no just reason to delay enforcement or appeal of the order. The court's reason, stated in open court, was that ARC, the corporate assignee, stood in the shoes of the unincorporated ATC. Since ATC could not enforce the claim the court concluded that its assignee ARC could not enforce the claim.

On March 17, 1986, U. S. Air, Inc., filed a notice of appeal. Although the rules require that a notice of appeal be filed within 30 days of a final order and parties may join in the appeal 10 days thereafter (107 Ill. 2d Rules 303(a)(1), (a)(3)), it does not appear in the record that the airlines now listed as plaintiffs ever joined in the appeal. Nor does it appear in the record that the airlines ever requested this court to substitute ARC as the party-plaintiff in its original appeal.

Rule 366 of the supreme court rules (107 Ill. 2d R. 366(a)(2)) gives this court power to substitute parties by reason of, among other things, "assignment." This court's opinion in the first appeal by the plaintiffs was filed on May 2, 1986. It appears that ATC, the original plaintiff, was dissolved in December 31, 1984, and its cause of action assigned May 14, 1985, 1½ years before the original appeal was decided by this court. *U. S. Air, Inc. v. Prestige Tours, Inc.* (1986), 143 Ill. App. 3d 457, 492 N.E.2d 1379.

Why this court was never advised in the first appeal that ARC was the proper plaintiff and real party of interest is not explained in the briefs of the parties. If that fact is true, then the first appeal was moot as would be this appeal since, according to plaintiffs' motion of substitution, ARC and none of the airlines are parties now with an in-

terest in the controversy.

This court has no jurisdiction over a nonfinal order of a trial court except as those interlocutory orders provided for in Supreme Court Rule 307. (107 Ill. 2d R. 307.) Its jurisdiction from a final judgment that does not dispose of an entire proceeding is curtailed by Rule 304 of the Illinois Supreme Court Rules. (107 Ill. 2d R. 304(a).) That rule permits an appeal in the case of multiparties from a final order that does not dispose of the entire case as the instant case, only if the order contains an express finding that there is no just reason for delaying enforcement or appeal.

■ The order of February 13, 1986, involved in this appeal contains such a finding. Yet, the mere finding in an order that the order is final and there is no just reason for delaying enforcement or appeal does not make an order otherwise nonfinal an appealable one. (*Davis v. Childers* (1965), 33 Ill. 2d 297, 211 N.E.2d 364.) Just like a jackass, it does not become a zebra by painting stripes on it.

■ To be final and appealable, the judgment must terminate the litigation between the parties or some part of it. (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 1020, 369 N.E.2d 188.) The final order in this case terminates nothing. There are still 13 plaintiffs, including 10 airlines who will remain as plaintiffs, regardless of this court's action in this case. Even if this court granted the relief requested by the one or seven airlines, and substituted the ARC corporation as plaintiff, the six airlines who did not appeal will still remain as plaintiffs jointly and individually as members of ATC, the now defunct voluntary association.

The plaintiffs point out that two divisions of this court have rejected this court's conclusion in *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 470 N.E.2d 615. Those cases hold that the provisions of the Civil Practice Act permitting a unincorporated association to sue in its own name retroactively applies. (*Rivard v. Chicago Firefighters Union Local No. 2* (1986), 145 Ill. App. 3d 207, 494 N.E.2d 756, and Jones v. Oil, Chemical and Atomic Workers International Union (disposed of under Supreme Court Rule 23, docket No. 85—395, filed July 28, 1986).) We further observe that leave to appeal has been filed in both cases with the Illinois Supreme Court and remain pending under docket Nos. 63713, 63787 (cons.) (*Rivard*) and docket No. 64016 (*Jones*). However, nothing in this record as yet suggests any reason why one or more of the present 13 plaintiffs would be precluded from again moving to join ATC as the party-plaintiff in lieu of the present 13, assuming the supreme court rejects this court's holding in *Brucata* and holds that the statute permitting a voluntary unincorporated

association to sue or be sued in its own name can be applied retroactively to January 1, 1984.

■■ In this regard, it is noted that the Illinois Code of Civil Procedure permits an assignee to be named a party at any time, either before or after judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1008.) Under this provision of our Code of Civil Procedure, neither death nor taxes precludes, in an appropriate case, the addition of a necessary or indispensible party. On the other hand, if the supreme court rejects the concept that the statute providing that a voluntary unincorporated association can sue or be sued in its own name cannot be applied retroactively, as this court held in *Brucato v. Edgar* (1986), 128 Ill. App. 3d 260, 470 N.E.2d 615, the trial court is absolutely correct in its original holding. It is hornbook law that an assignee stands in the shoes of the assignor and can enforce only those claims that the assignor could enforce. *Sabath v. Mansfield* (1978), 60 Ill. App. 3d 1008, 1017, 377 N.E.2d 161.

■ In light of the above and the following procedural defects in the appeal, this court grants defendants' motion to dismiss the appeal.

(1) In fact, only one plaintiff signed the notice of appeal, not the number suggested in plaintiff's brief. *People v. Krueger* (1986), 146 Ill. App. 3d 530, 495 N.E.2d 993.

(2) The notice of appeal was filed March 17, 1984, some 32 days after the alleged final order rather than 30 days as required by law and is, therefore, untimely. *Lombard v. Elmore* (1985), 134 Ill. App. 3d 898, 480 N.E.2d 1329.

The appeal is dismissed and the cause remanded for further proceeding.

Dismissed and remanded.

SULLIVAN, P.J., and PINCHAM, J., concur.