FRANK C. ZIELNIK, Plaintiff-Appellant, v. LOYAL ORDER OF MOOSE, LODGE NO. 265, Defendant-Appellee.

First District (5th Division)   No. 86—0241

Opinion filed August 26, 1988.

Holstein, Mack & Dupree, of Chicago (John M. Mack, of counsel), for appellant.

Sandra Young, John T. Wardrope, and Joseph T. Scally, all of Purcell & Wardrope, Chartered, of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

This appeal is from the dismissal of plaintiff's complaint against the defendant, the Loyal Order of Moose, Lodge No. 265, an unincorporated association. The sole issue on review is whether the defendant, Loyal Order of Moose, had the capacity to be sued when plaintiff's complaint was filed.

On April 11, 1985, the plaintiff, Frank C. Zielnik, filed a complaint against the defendant. The complaint, based on negligence, alleged that on August 6, 1983, plaintiff stumbled and tripped over a chair on defendant's dance floor. The defendant responded to the

complaint with a motion to dismiss asserting that as a voluntary unincorporated association it did not have the legal capacity to sue or be sued. On December 24, 1985, the trial court granted defendant's motion to dismiss. Plaintiff appeals. We affirm.

On appeal, plaintiff contends that pursuant to section 2—209.1 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—209.1) the defendant, Loyal Order of Moose, an unincorporated association, has the capacity to be sued. The defendant argues that section 2—209.1 is not applicable because the events complained of took place four months prior to the effective date of section 2—209.1.

The General Assembly enacted section 2—209.1 in an apparent response to the criticism of the doctrine that under common law, a voluntary unincorporated organization had no legal existence independent of the members who composed it and could neither sue nor be sued in its own name in an action at law. (*American Federation of Technical Engineers, Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263.) Section 2—209.1 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—209.1), which became effective January 1, 1984, provides:

"A voluntary unincorporated association may sue and be sued in its own name, and may complain and defend in all actions."

The plaintiff, in the case at bar, urges this court to apply section 2—209.1 to the instant case, despite the fact that the events complained of took place on August 6, 1983, before the effective date of section 2—209.1, January 1, 1984.

A retroactive law is defined as one which "takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past." (*Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 470 N.E.2d 615.) Retroactive legislation is not favored and it is presumed that the legislature intended a provision to operate prospectively unless a contrary intent is expressed or clearly indicated by the language therein. (*Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303; *Village of Wilsonville v. SCA Services, Inc.* (1981), 86 Ill. 2d 1.) There is no provision in section 2—209.1 for the retroactive application urged by the plaintiff in the instant case.

In *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, a case similar to the case at bar, the plaintiff, as Zielnik in the case at bar, urged this court to apply section 2—209.1 retroactively. This court, reasoning that section 2—209.1 affected substantive rights as opposed to merely procedural rights because it created both new rights and obligations

which did not previously exist, refused to do so. This court held that because section 2—209.1 affects substantive rights it could not be applied retroactively, absent a contrary intention by the legislature. This court examined the language of section 2—209.1 and found nothing indicating that section 2—209.1 should be applied retroactively. Therefore this court concluded that section 2—209.1 should operate prospectively only.

In the case at bar, plaintiff argues that the controlling distinction in *Brucato* and the instant case is that in *Brucato* the complaint and the order of dismissal occurred prior to the effective date of section 2—209.1. Plaintiff's distinction is insignificant. The crucial date for determining applicability of a statute is not when the rights are asserted by the filing of a complaint but when the cause of action accrued. (*Marquette National Bank v. Loftus* (1983), 117 Ill. App. 3d 771, 454 N.E.2d 11.) Accordingly, in *Brucato*, this court reasoned that the alleged conduct of the defendant on which plaintiff's cause of action was predicated occurred prior to the enactment of section 2—209.1 and the section was inapplicable.

■ In the instant case, the accident allegedly occurred on August 6, 1983, four months prior to the effective date of section 2—209.1. To hold that section 2—209.1 applies to the case at bar would be a retroactive application of section 2—209.1, regardless of when the lawsuit was filed. Loyal Order of Moose's rights and obligations became vested as of the date of the occurrence, a time at which it did not have the legal capacity to sue or be sued. To now hold that defendant is amenable to suit for that occurrence amounts to an impairment of substantive rights.

For the foregoing reasons, we affirm the trial court's order dismissing plaintiff's complaint.

Affirmed.

SULLIVAN and MURRAY, JJ., concur.