ALLAN H. SCHOEBERLEIN, Plaintiff-Appellant, v. PURDUE UNIVERSITY *et al.*, Defendants-Appellees.

Second District   No. 2—87—0722

Opinion filed March 31, 1988.

735

REINHARD, J., dissenting.

Jon Yambert, of Lindner, Speers & Reuland, P.C., of Aurora, for appellant.

Corey P. O'Dell, of Kurnik, Cipolla, Stephenson, Barasha & O'Dell, of Arlington Heights, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Allan Schoeberlein, appeals from the judgment of the circuit court of Kane County dismissing defendants, Purdue University and its board of trustees, from this action. The trial court determined that defendants, as instrumentalities of the State of Indiana, were not amenable to suit in the circuit court of Illinois.

The sole issue on this appeal is whether an instrumentality of another State is immune from suit in Illinois predicated on a tortious act committed in Illinois.

Plaintiff, who is an Illinois resident, filed an action alleging strict liability against the defendants to recover for injuries he sustained at

the Fermi National Accelerator Laboratory in Batavia, Illinois. Defendants allegedly sold Fermi National Accelerator Laboratory defective machinery, a central hadron calorimeter, which fell on the plaintiff during its installation. Plaintiff brought the action in the circuit court of Kane County; defendants removed the cause to Federal court; and by agreement of the parties, the cause was remanded to the circuit court of Kane County. The court granted defendants' motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), holding that defendants were instrumentalities of the State of Indiana; defendants, as such, were immune from suit in the Illinois courts under the eleventh amendment to the United States Constitution (U.S. Const., amend. XI); and Indiana had not waived its immunity from suits.

On appeal, the parties do not dispute defendants' status as instrumentalities of Indiana. (See *Kashani v. Purdue University* (7th Cir. 1987), 813 F.2d 843, 845-46.) As agents of the State, the eleventh amendment protects defendants from being sued in a Federal court of another State. (*Quern v. Jordan* (1979), 440 U.S. 332, 59 L. Ed. 2d 358, 99 S. Ct. 1139.) The eleventh amendment provides:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." (U.S. Const., amend. XI.)

Under section 34—4—16.5—5(d) of the Indiana Code of Civil Procedure (Ind. Code Ann. 34—4—16.5—5(d) (West 1987)), Indiana has not waived its immunity granted by the eleventh amendment. The statute prohibits suits against it in any State court as well. Pursuant to Indiana law, plaintiff could not bring a suit against defendants in an Illinois court and would be limited to suing in Indiana.

■ Whether a foreign sovereign is immune from being sued in a State court, contrary to its laws, is a question of the first impression in Illinois. However, we view the Supreme Court's decision in *Nevada v. Hall* (1979), 440 U.S. 410, 59 L. Ed. 2d 416, 99 S. Ct. 1182, as dispositive of the issue. In *Nevada*, individual Californians sued a sovereign State, Nevada, in a California State court for injuries resulting from an automobile accident allegedly caused by a State of Nevada employee in California. The California State court refused as a matter of comity to recognize the immunity Nevada would have in its own courts, reasoning that California law did not provide the same immunity. The California law expressed a policy of providing full compensation to injured parties, while the Nevada law reflected a different pol-

icy concern, limiting the amount of recovery to $25,000. The Supreme Court concluded that the full faith and credit clause of the Constitution "does not require a State to apply another State's law in violation of its own legitimate public policy." *Nevada,* 440 U.S. at 422, 59 L. Ed. 2d at 426, 99 S. Ct. at 1189.

We interpret the *Nevada* holding as permitting the plaintiff to sue defendants in the Illinois circuit court if Illinois' policy so dictates. In our opinion, Illinois has a strong interest in protecting plaintiff, a resident, where the accident and injury occurred within its borders. Illinois even waives its sovereign immunity in order for its residents to recover if notice is given within a year of the occurrence and damages are limited to $100,000. Indiana, however, while permitting a suit against it by its own citizens in its own courts, requires notice within 180 days and permits recovery to $300,000. Illinois' decision to allow suits with notice within one year of the occurrence evidences a legitimate policy to permit more suits against it for lesser amounts than Indiana allows. Illinois' policy is to present a remedy for a wrong, according to its constitution (Ill. Const. 1970, art. I, §12). Dismissal of the suit would deny plaintiff a forum for his complaint since the time had expired to file suit in Indiana.

■■ ■ We do not believe the principles of comity require us to follow Indiana law and preclude the suit.

> "Whether foreign laws will be enforced in the forum court under the doctrine of comity depends on whether any wrong will be done to a citizen of the forum State, whether the policies of the forum State will be impaired, or contravened, or whether the court can do complete justice to those affected by the decree." *(Codo, Bonds, Zumstein & Konzelman, P.C. v. Federal Deposit Insurance Corp.* (1986), 148 Ill. App. 3d 698, 703.)

Section 2—209 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—209) also establishes Illinois' policy of exercising jurisdiction in its courts over residents and nonresidents to secure compensation for their injuries in Illinois courts.

For these reasons, we reverse the trial court's order of dismissal and remand the cause for further proceedings.

Reversed and remanded.

INGLIS, J., concurs.

JUSTICE REINHARD, dissenting:
In my opinion, the majority decision here fails both to adequately

738

examine the rationale of the court in *Nevada v. Hall* (1979), 440 U.S. 410, 59 L. Ed. 2d 416, 99 S. Ct. 1182, and to address Illinois' public policy in providing only limited recovery to our own citizens against the sovereign. In *Hall*, the Supreme Court, in deciding whether a forum State must recognize the sovereign immunity of a foreign State, first analyzed the issue under the full faith and credit clause of the United States Constitution. (440 U.S. at 421-24, 59 L. Ed. 2d at 425-27, 99 S. Ct. at 1188-90.) Finding that the full faith and credit clause does not require recognition of a foreign State's sovereign immunity, if such recognition would frustrate the forum State's policies, the court then proceeded to analyze the issue under principles of comity. 440 U.S. at 425-26, 59 L. Ed. 2d at 428-29, 99 S. Ct. at 1190-91.

The majority opinion not only fails to discuss the distinction between the full faith and credit clause analysis and the separate comity consideration as set forth in *Hall*, but also does not recognize the clear import of the *Hall* court's recognition of California's statutory scheme which, unlike Illinois, unequivocally waived its own sovereign immunity and provided for jurisdiction in its courts over residents and nonresidents alike to allow those injured through negligence full compensation for their injuries in the California courts. (See 440 U.S. at 424, 59 L. Ed. 2d at 427, 99 S. Ct. at 1190.) In footnote 24 of its opinion, the Supreme Court carefully limited its holding to the existing statutory schemes in Nevada and California, stating it had "no occasion, in this case, to consider whether different state policies, either of California or of Nevada, might require a different analysis or a different result." 440 U.S. at 424 n.24, 59 L. Ed. 2d at 427 n.24, 99 S. Ct. at 1190 n.24.

The proper analysis in this case, according to *Hall*, is to first determine whether Illinois is obligated under the full faith and credit clause to recognize and give effect to the Indiana immunity statute. In doing so, we must carefully examine the relevant policies of Illinois to insure that such policies will not be thwarted by our recognition of the Indiana statute. Recognition of the Indiana statute as a matter of comity need only be considered if we conclude that the full faith and credit clause does not obligate us to recognize the Indiana statute in this case.

Unlike California, which unequivocally waived its own immunity, Illinois has, as a matter of policy, retained a degree of sovereign immunity. Our constitution has abolished sovereign immunity except to the extent that "the General Assembly may provide by law." (Ill. Const. 1970, art. 13, §4; *Ellis v. Board of Governors* (1984), 102 Ill. 2d 387, 391, 466 N.E.2d 202; *Robb v. Sutton* (1986), 147 Ill. App. 3d

710, 712, 498 N.E.2d 267.) Our legislature has seen fit to allow the State to be sued but only in a limited respect. (See Ill. Rev. Stat. 1985, ch. 127, par. 801; Ill. Rev. Stat. 1985, ch. 37, par. 439.1 *et seq.*) The majority opinion fails to point out that the notice requirement and the $100,000 damage limitation is contained in the Court of Claims Act (Ill. Rev. Stat. 1985, ch. 37, par. 439.1 *et seq.*), which further provides that this State may be sued in tort, but that the Court of Claims shall have exclusive jurisdiction to hear such claims. (Ill. Rev. Stat. 1985, ch. 37, par. 439.8(d); *Ellis*, 102 Ill. 2d at 394-95, 466 N.E.2d at 206.) Thus, Illinois maintains sovereign immunity to the extent that it prohibits a suit against the State in any circuit court in Illinois.

The Indiana statute at issue in this case bars suit against the State of Indiana in any foreign State court. (Ind. Code Ann. §34—4—16.5—5(d) (West 1987).) The question under a full faith and credit analysis is whether Illinois, in light of its own public policy, must apply this Indiana statute immunizing the State of Indiana from suits in foreign States. I conclude that, in this case, the full faith and credit clause does require application of the Indiana statute in our circuit court.

Plaintiff brought suit in the circuit court of Kane County. If the Indiana statute is given effect in this case, plaintiff will be barred from a remedy in the circuit court. Such a result would not be contrary to the established policy of Illinois. As discussed earlier, Illinois does not provide a tort remedy against itself in its circuit courts. Plaintiff would be no worse off than if he had attempted to bring a similar tort suit against the State of Illinois in a circuit court of this State. He could not do so. Illinois is, therefore, obligated, under the full faith and credit clause of the United States Constitution, to recognize and give effect to the Indiana immunity statute to the extent that it affords Indiana immunity in our State's circuit courts. I do not, however, address the issue of whether we would have to recognize that same immunity had this tort action been brought in the Court of Claims of Illinois. That question is not before us.

As I would decide this case on application of the Federal full faith and credit clause, it is unnecessary to examine the separate and distinct issue of whether, as a matter of comity, we should recognize the law of the State of Indiana.