2020 IL App (1st) 192494-U
Order filed: July 31, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-19-2494

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| SUNIL SEKHRI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2019 L 7001 |
| | ) | |
| CHUHAK & TECSON, P.C., K. SHAYLAN | ) | Honorable |
| BALDWIN, DAVID BLOOMBERG, and JAMES R. | ) | Daniel J. Kubasiak, |
| STEVENS, | ) | Judge, presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Dismissal of plaintiff's legal malpractice lawsuit with prejudice is affirmed, where circuit court correctly determined that it was barred by the applicable statute of limitations.

¶ 2    Plaintiff-appellant, Sunil Sekhri, appeals from the dismissal with prejudice of the legal malpractice lawsuit he filed against defendants-appellees, Chuhak & Tecson, P.C., K. Shaylan Baldwin, David Bloomberg, and James R. Stevens. Because we conclude that Sekhri's lawsuit was barred by the applicable statute of limitations, we affirm.

¶ 3    Sekhri filed this legal malpractice complaint on June 25, 2019. Therein, he generally alleged that he owned a condominium unit in a building managed by the 1111 North Western

Condominium Association ("Association"). Sekhri was also one of three members of the Board of Directors for the Association ("Board"). Defendants provided general legal services to the Board, as well as the other two individual members of the Board with respect to certain litigation with Sekhri.

¶ 4    In 2014, the Board was considering the possibility of imposing a special assessment upon unit owners for the purpose of completing repairs to building defects, repairs that would also provide for the installation of rooftop decks. According to the complaint, defendants committed legal malpractice by engaging in professional negligence with respect to the advice it provided to the Board with respect to the special assessment. As a direct result of defendants' purported professional negligence, in September 2014, the other two Board members voted to approve the special assessment without obtaining the prior approval of the requisite number of unit owners. Sekhri did not vote for the special assessment.

¶ 5    Thereafter, several relevant actions were taken. First, in December 2014, the Association sent Sekhri and another unit owner, Hong Kim, demands for possession and notices of lien for their nonpayment of the special assessment. Then, on or about April 20, 2015, Sekhri and Kim filed a complaint in chancery against the Board and the other two individual members of the Board. As ultimately amended and in relevant part, the complaint alleged that the Board, collectively, and the two other Board members, individually, breached their fiduciary duties by imposing a special assessment for work to include both allowable building repairs and improper building improvements without obtaining the prior approval of the requisite number of unit owners. Defendants to this lawsuit represented the Board in the chancery action.

¶ 6    On May 26, 2015, defendants filed, on behalf of the Board, separate forcible entry and detainer actions, one against Sekhri and Kim and another against a third unit owner, Jeanine

Freeberg, seeking possession of their units and unpaid assessments. These actions were consolidated into the chancery action. Finally, in June 2016, both the Board and the two other Board members filed a counterclaim against Sekhri and Kim for unjust enrichment, as well as a similar third-party complaint against Freeberg.

¶ 7    Thereafter, on January 26, 2017, an order was entered in the chancery action granting partial summary judgment in favor of Sekhri and Kim on their breach of fiduciary duty claim against the Board, and partial summary judgment in favor of the two other individual Board members with respect to the breach of fiduciary duty claims against them. In its written decision, the chancery court specifically concluded that the advice defendants provided to the Board with respect to imposing the special assessment without first obtaining approval from unit owners "was ultimately incorrect." A copy of this written order was attached as an exhibit to Sekhri's malpractice complaint.

¶ 8    In light of these factual allegations, Sekhri's legal malpractice complaint asserted that he had an attorney-client relationship with defendants due to his position as a member of the Board, and that his status as a Board member and unit owner also established that he was an intended beneficiary of defendants' legal services on behalf of the Board. Sekhri then contended that, but for defendants' negligent advice, recommendations, omissions, and other breaches of the standard of care for attorneys: (1) the Board would not have improperly imposed the special assessment without seeking unit owner approval, (2) Sekhri would not have been forced into litigation regarding the special assessment, forcible repossession, and eviction, (3) Sekhri would not have commenced this suit for breach of fiduciary duty, and (4) a lien would not have been placed upon his unit. Sekhri further asserted that as a direct and proximate result of defendants' negligence and breaches of the standard of care for attorneys, he suffered damages in the form of attorney fees

incurred in litigation with the Board and other financial damages, including additional mortgage interest resulting from the lien on his unit.

¶ 9    Shortly after Sekhri filed his legal malpractice complaint, the forcible entry and detainer action filed against Sekhri and Freeberg was resolved by execution of a Settlement Agreement and Release (Release) in August 2019. While the ongoing chancery litigation was specifically excluded and the present legal malpractice matter was not specifically mentioned in the Release, Sekhri and Freeberg did agree to release the Association and its attorneys from "any and all claims" related to the forcible entry and detainer action.

¶ 10    Thereafter, defendants filed a combined motion to dismiss Sekhri's legal malpractice suit, pursuant to section 2-619.1 of the Code of Civil Procedure ("Code"). 735 ILCS 5/2-619.1 (West 2018). Therein, defendants first asserted that Sekhri's complaint should be dismissed with prejudice because it failed to properly allege that defendants owed Sekhri a duty, in that he was not defendants' client and was not an intended third-party beneficiary of defendants' work on behalf of the Board, pursuant to section 2-615 of the Code. 735 ILCS 5/2-615 (West 2018). Defendants also asserted that Sekhri's complaint was barred by other affirmative matters, pursuant to section 2-619 of the Code. 735 ILCS 5/2-619 (West 2018). Specifically, defendants asserted that the complaint was barred by both the Release and the two-year statute of limitations contained in section 13-214.3(b) of the Code. 735 ILCS 5/13-214.3(b) (West 2018).

¶ 11    In a written order entered on November 15, 2019, the circuit court agreed with each of defendants' three arguments, granted defendants' motion, and dismissed Sekhri's complaint with prejudice. Sekhri timely appealed.

¶ 12    On appeal, Sekhri contends that the circuit court erred in granting defendants' motion to dismiss and abused its discretion in failing to provide him an opportunity to file an amended

complaint. We find that Sekhri's complaint is barred by the two-year statute of limitations contained in section 13-214.3(b) of the Code, a conclusion that is dispositive of this appeal.

¶ 13    A section 2–619 motion admits the legal sufficiency of the complaint, but raises defects, defenses or other affirmative matter appearing on the face of the complaint or established by external submissions which defeat the action. 735 ILCS 2–619 (2018); *Jenkins v. Concorde Acceptance Corp.,* 345 Ill. App. 3d 669, 674 (2003). Section 2–619(a)(5) specifically allows a cause of action to be dismissed if it was not commenced within the time limited by law. 735 ILCS 5/2–619(a)(5) (2018); *Fireman's Fund Insurance Co. v. Rockford Heating & Air Conditioning, Inc.,* 2014 IL App (2d) 130566, ¶ 9.

¶ 14    When deciding a section 2–619 motion, a court accepts all well-pleaded facts in the complaint as true and will grant the motion when it appears no set of facts can be proved which would allow the plaintiff to recover. *Wilson v. Quinn,* 2013 IL App (5th) 120337, ¶ 11. However, the court will not admit as true unsupported conclusions of law or conclusory allegations of fact. *Aliano v. Ferris,* 2013 IL App (1st) 120242, ¶ 20. Our review of an order granting a section 2–619 motion is *de novo. Wilson,* 2013 IL App (5th) 120337, ¶ 11.

¶ 15    In relevant part, section 13–214.3 of the Code provides that:

"An action for damages based on tort, contract, or otherwise [ ] against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13-214.3(b) (West 2018).

¶ 16    As such, the statute of limitations contained in section 13-214.3(b) "incorporates the 'discovery rule,' which serves to toll the limitations period to the time when the plaintiff knows or

reasonably should know of his or her injury." *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 10.

¶ 17    More specifically, the effect of the discovery rule is to "postpone the start of the period of limitations until the injured party knows or reasonably should know of the injury and knows or reasonably should know that the injury was wrongfully caused." *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 20. Historically, courts in Illinois have recognized that " '[t]he phrase "wrongfully caused" does not mean knowledge of a *specific* defendant's negligent conduct or knowledge of the existence of a cause of action.' " (Emphasis in original.) *Castello v. Kalis*, 352 Ill. App. 3d 736, 744 (2004) (quoting *Young v. McKiegue*, 303 Ill. App. 3d 380, 388 (1999), and collecting cases). "Rather, the term refers to when an injured party 'becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.' " *Castello*, 352 Ill. App. 3d at 744-45 (quoting *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 416 (1981)).

¶ 18    "In other words, 'when a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused, the statute begins to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed. In that way, an injured person is not held to a standard of knowing the inherently unknowable [citation], yet once it reasonably appears that an injury was wrongfully caused, the party may not slumber on his rights.' " *Steinmetz v. Wolgamot*, 2013 IL App (1st) 121375, ¶ 30 (quoting *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171 (1981)). " 'The question of when a party knew or should have known both of an injury and its [probable] wrongful cause is one of fact, unless the facts are undisputed and only one conclusion may be drawn from them.' " *Steinmetz*, 2013 IL App (1st) 121375, ¶ 30.

¶ 19    Furthermore, to be considered injured, a legal client must suffer a loss for which he or she may seek monetary damages. *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 306 (2005). Generally, that loss will not occur until the plaintiff has suffered an adverse judgment, settlement, or dismissal of the underlying action caused by the attorney's alleged negligence. *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349, 356 (1998). If the damages are as yet "speculative," then the cause of action has not yet accrued and the malpractice suit is premature. *Id.* at 353.

¶ 20    Nevertheless, "speculative" in this context means "only if [the damages'] existence itself is uncertain, not if the amount is uncertain or yet to be fully determined." *Northern Illinois Emergency Physicians*, 216 Ill. 2d at 307. Further, a malpractice claim can accrue before an adverse judgment if it is "plainly obvious *** that he [or she] has been injured as the result of professional negligence or where an attorney's neglect is a direct cause of the legal expense incurred by the plaintiff." (Internal quotation marks omitted.) *Estate of Bass v. Katten*, 375 Ill. App. 3d 62, 70 (2007) (quoting *Lucey*, 301 Ill. App. 3d at 355, 358).

¶ 21    Here, the factual allegations contained in Sekhri's own complaint—which we must take as true—clearly establish that only one conclusion can possibly be drawn from them: Sekhri either knew or reasonably should have known both that an injury had occurred and that it was wrongfully caused more than two years before he filed this suit on June 25, 2019.

¶ 22    We reiterate that Sekhri's legal malpractice complaint asserted that, but for defendants' negligence: (1) the Board would not have improperly imposed the special assessment without seeking unit owner approval, (2) Sekhri would not have been forced into litigation regarding the special assessment, forcible repossession, and eviction, (3) Sekhri would not have commenced his suit for breach of fiduciary duty, and (4) a lien would not have been placed upon his unit. Sekhri

further asserted that as a direct and proximate result of defendants' negligence, he suffered damages in the form of attorney fees incurred in the litigation with the Board and other financial damages, including additional mortgage interest resulting from the lien on his unit.

¶ 23   The allegedly improper actions of defendants occurred in 2014, which allegedly resulted in the special assessment being imposed and Sekhri suffering the alleged damages outlined above. Clearly, Sekhri knew or reasonably should have known that an injury had occurred and that it was wrongfully caused when he himself filed a chancery action in early 2015 against the Board on the basis of the improper imposition of the special assessment. Even though Sekhri did not file suit against defendants at that time, the phrase "wrongfully caused" does not mean knowledge of a *specific* defendant's negligent conduct or knowledge of the existence of a cause of action. *Castello*, 352 Ill. App. 3d 744. With Sekhri himself filing suit and seeking damages for such wrongful conduct on the part of the Board in early 2015, he was clearly put on notice, the statute began to run, and Sekhri was under an obligation to inquire further to determine whether an actionable wrong was committed by defendants. *Steinmetz*, 2013 IL App (1st) 121375, ¶ 30.

¶ 24   Even if we did not so conclude, at the very latest the statute of limitations certainly began to run on January 26, 2017, when an order was entered in the chancery action specifically concluding that the advice defendants provided to the Board with respect to imposing the special assessment without first obtaining approval from unit owners "was ultimately incorrect." Clearly, at that point Sekhri was put on notice as to defendants' possible legal malpractice.

¶ 25   Moreover, Sekhri had also suffered an injury resulting from that possible legal malpractice by that time. With respect to the attorney fees Sekhri alleged to have incurred in the litigation with the Board, by the time the chancery court issued its order it was both plainly obvious that Sekhri had been injured as the result of professional negligence and clear that defendants' alleged

negligence was a direct cause of the legal expense incurred by Sekhri. *Katten*, 375 Ill. App. 3d at 70. And, aside from the attorney fees incurred, Sekhri also alleged he suffered other financial damages, including additional mortgage interest resulting from the lien on his unit. This injury also occurred before the entry of the January 26, 2017, chancery order. The filing of this lawsuit more than two years later on June 29, 2019, was clearly untimely.

¶ 26    Because of this conclusion, we need not consider whether the circuit court also properly dismissed this lawsuit on either of the other two reasons asserted by defendants in their motion to dismiss. Moreover, because Sekhri has never asserted—either below or before this court—the existence of any facts that could possibly change our conclusion that his complaint was not timely, we also affirm the circuit court's decision to dismiss his complaint with prejudice. *Steinmetz*, 2013 IL App (1st) 121375, ¶ 44.

¶ 27    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 28    Affirmed.